COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| B .C., | § | No. 08-14-00150-CV |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | 65th District Court |
| TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 2012DCM07071) |
| | § | |

# **O P I N I O N**

B.C. appeals the termination of his parental rights with regard to his two children. Finding no error, we affirm the trial court's judgment.

## **FACTUAL SUMMARY**

S.V. is the mother of three children and Appellant is the father of two of them, M.C. and A.C. On February 19, 2011, the Department received an intake which alleged that the couple had left the children alone in their apartment while they went to a bar around midnight to purchase cocaine. Earlier, at approximately 1 a.m., law enforcement officers had arrested S.V. and B.C. for possession of a controlled substance. S.V. informed police that she wanted to check on her children since a friend was watching them. The police conducted a welfare check and the children were found alone in the apartment with the door unlocked, sleeping together on a bed. The

parents were arrested for possession and child abandonment. This lawsuit ensued. After considering evidence and witness testimony, the trial court terminated the parent-child relationship between Appellant and his children.[1]

In Issue One, he challenges the legal and factual sufficiency of the evidence to support termination and complains the Department failed to prove that he did not complete his service plan or meet his child support requirements. Appellant also maintains the Department did not meet its burden of demonstrating that termination is in the best interest of the children. In passing, he mentions that his rights were not subject to termination because he was an "alleged father" rather than a "parent"[2] but B.C. testified that A.C. and M.C. are his children, and the trial court's order of termination identifies B.C. as the presumed father of those children. In Issue Two, Appellant contends that his trial counsel provided ineffective assistance.

**BURDEN OF PROOF AND STANDARD OF REVIEW**

Involuntary termination of parental rights is a grave matter implicating fundamental constitutional rights. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Because of the severity and permanency of termination, as well as the elevated status of parental rights, the quantum of proof required in a termination proceeding is elevated from the preponderance of the evidence to clear and convincing evidence. *See* TEX.FAM.CODE ANN. § 161.001 (West 2014)(imposing

---

[1] An interlocutory decree of termination was rendered by the trial court against S.V. S.V. has not appealed the trial court's judgment.

[2] "Alleged father" means a man who alleges himself to be, or is alleged to be, the genetic father or a possible genetic father of a child, but whose paternity has not been determined. The term does not include a presumed father, a man whose parental rights have been terminated or declared to not exist, or a male donor. TEX.FAM.CODE ANN. § 101.0015(a), (b)(West 2014). The term "Parent" includes a man presumed to be the father, a man legally determined to be the father, a man who has been adjudicated to be the father by a court of competent jurisdiction, a man who has acknowledged his paternity under applicable law, or an adoptive father. TEX.FAM.CODE ANN. § 101.024(a)(West 2014). Except as provided by Section 101.024(b), the term does not include a parent as to whom the parent-child relationship has been terminated. *Id.*

2

heightened clear and convincing burden of proof in parental termination cases); *Santosky v. Kramer,* 455 U.S. 745, 747, 102 S.Ct. 1388, 1391, 71 L.Ed.2d 599 (1982); *In re B.L.D. and B.R.D.,* 113 S.W.3d 340, 353–54 (Tex.2003)(because of the severity and permanency of termination, due process requires party seeking to terminate parental rights prove necessary elements by the heightened burden of proof of clear and convincing evidence).

In a proceeding to terminate parental rights, the petitioner must demonstrate by clear and convincing evidence that: (1) the parent committed one or more of the acts specifically set forth in Texas Family Code Section 161.001(1) as grounds for termination; and (2) that termination is in the best interest of the child. *See* TEX.FAM.CODE ANN. § 161.001 (West 2014). "Clear and convincing evidence" means the measure or degree of proof that "will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX.FAM.CODE ANN. § 101.007 (West 2014); *see In re J.F.C.,* 96 S.W.3d 256, 263 (Tex. 2002); *see also In re J.A.J.,* 243 S.W.3d 611, 616 (Tex. 2007)(contrasting the standards applied in termination proceedings and the standards applied in modification proceedings). We strictly scrutinize termination proceedings and construe any statutes authorizing involuntary termination in favor of the parent. *Holick*, 685 S.W.2d at 20-21.

In conducting a legal sufficiency review in a termination case, we consider all of the evidence in the light most favorable to the finding "to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.P.B.,* 180 S.W.3d 570, 573 (Tex. 2005), *quoting In re J.F.C.,* 96 S.W.3d at 266. We give deference to the fact finder's conclusions and presume the fact finder resolved any disputed facts in favor of its findings, so long as a reasonable fact finder could do so. *Id.; In re J.F.C.,* 96 S.W.3d at 266. We

3

disregard any evidence that a reasonable fact finder could have disbelieved, or found to have been incredible, but we do not disregard undisputed facts. *In re J.P.B.,* 180 S.W.3d at 573; *In re J.F.C.,* 96 S.W.3d at 266.

In conducting a factual sufficiency review in a termination case, we must give due deference to the fact finder's findings, and we cannot supplement such judgment with our own. *In re H.R.M.,* 209 S.W.3d 105, 108 (Tex. 2006). We determine whether, "in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *In re H.R.M.,* 209 S.W.3d at 108; *In re J.F.C.,* 96 S.W.3d at 266.

## STATUTORY PREDICATE

Parental rights may be involuntarily terminated through proceedings brought under Section 161.001 of the Texas Family Code. *See* TEX.FAM.CODE ANN. § 161.001 (West 2014). Under that provision, the Department was required to (1) establish one or more of the statutory acts or omissions enumerated as grounds for termination, and (2) prove that termination is in the best interest of the child. *See id.* Both elements must be established, and termination may not be based solely on the best interest of the child as determined by the trier of fact. *See Texas Department of Human Services v. Boyd,* 727 S.W.2d 531, 533 (Tex. 1987).

The trial court found by clear and convincing evidence that Appellant had: (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children under subsection 161.001(1)(D); (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which

4

endangers the physical or emotional well-being of the children under subsection 161.001(1)(E); and (3) failed to support the children in accordance with the parent's ability during a period of one year ending within six months of the date of the filing of the petition under subsection 161.001(1)(F). TEX.FAM.CODE ANN. § 161.001(1)(D), (E), (F)(West 2014). The trial court also determined that Appellant had been convicted, placed on community supervision, or adjudicated for abandoning or endangering a child under Section 22.041 of the Texas Penal Code, which is a basis for termination under subsection 161.001(1)(L)(x). TEX.FAM.CODE ANN. § 161.001(1)(L)(x)(West 2014); TEX.PENAL CODE ANN. § 22.041(West 2011). By clear and convincing evidence, the trial court found that termination was in the best interest of the children.

Only one predicate finding under Section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *Perez v. Texas Dept. of Protective & Regulatory Services*, 148 S.W.3d 427, 433-34 (Tex. App. – El Paso 2004, no pet.). Evidence established that Appellant had pled guilty to child abandonment, a criminal offense for which he was placed on four years' deferred-adjudication probation. TEX.PENAL CODE ANN. § 22.041 (West 2011). In two counts, the indictment alleged that he "did then and there having custody, care and control of [M.C./Count 1 and A.C/Count II], a child younger than 15 years, did then and there intentionally, with the intent to return, abandon [M.C./Count 1 and A.C./Count II] in a place, to-wit: a residence, without providing reasonable and necessary care for the child, under circumstances which no reasonable, similarly situated adult would leave a child of that age and under circumstances that exposed [M.C./Count 1 and A.C./Count II] to unreasonable risk of harm[.]" This evidence standing alone is sufficient to support the trial court's finding that Appellant knowingly placed or allowed the

children to remain in conditions or surroundings which endangered their physical or emotional well-being under subsection 161.001(1)(D).   TEX.FAM.CODE ANN. § 161.001(1)(D)(West 2014).

Because our review of the record demonstrates that one or more of the trial court's predicate findings under Section 161.001 is supported by legally and factually sufficient evidence and supports the trial court's order of termination, we proceed to consider Appellant's best interest complaint.   *See In re A.V.,* 113 S.W.3d at 362; *Perez*, 148 S.W.3d at 433-34.

## BEST INTEREST OF THE CHILDREN

Appellant first contends termination is not in his best interest.   However, a determination of best interest necessitates a focus on the child, not the parent.   *See In re R.F.,* 115 S.W.3d 804, 812 (Tex.App. – Dallas 2003, no pet.).   We therefore restrict our consideration to the trial court's determination that termination is in the children's best interest.

There is a strong presumption that a child's best interests are served by maintaining the parent-child relationship.   *In re L.M.,* 104 S.W.3d 642, 647 (Tex.App. – Houston [1st Dist.] 2003, no pet.).   Termination of the parent-child relationship is not justified when the evidence shows merely that a parent's failure to provide a more desirable degree of care and support of the child is due solely to misfortune or the lack of intelligence or training, and not to indifference or malice. *Clark v. Dearen,* 715 S.W.2d 364, 367 (Tex.App. – Houston [1st Dist.] 1986, no writ).

The Texas Supreme Court has identified nine non-exhaustive factors that are relevant in determining whether termination of parental rights is in the best interest of the child.   *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976).   The *Holley* factors include: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parenting abilities of the parties

6

seeking custody; (5) the programs available to assist the parties seeking custody; (6) the plans for the child by the parties seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omission committed by the parent which may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions committed by the parent. *Holley*, 544 S.W.2d at 371-72. The determination of a child's best interest does not require proof of any unique set of factors, and it does not limit proof to any specific factors. *Id.* Permanence has also long been considered of paramount importance in considering a child's present and future needs. *See Dupree v. Texas Department of Protective & Regulatory Services,* 907 S.W.2d 81, 87 (Tex.App. – Dallas 1995, no pet.). The same evidence of acts or omissions used to establish grounds for termination under Section 161.001(1) may be probative in determining whether termination of parental rights is in the best interest of the child. *In re C.H.,* 89 S.W.3d 17, 28 (Tex. 2002); *In re L.M.,* 104 S.W.3d at 647.

Appellant's children were removed from their home due to abuse and neglect. In addition to Appellant's child abandonment conviction, the trial court considered evidence regarding additional convictions, including conspiracy to import a controlled substance; possession of a controlled substance; driving under the influence; and resisting, evading, or obstructing an officer in the course of arrest. Evidence was also presented that Appellant was arrested for domestic violence against S.V., which was shown to have not resulted in a criminal charge. During the final hearing, Appellant agreed that he put the children at risk and exposed them to an unsafe environment in which S.V. was using drugs and he allowed the children to remain in that environment. Appellant also acknowledged that throughout the "year and a half" that the children were either in foster care or in the care of their grandmother, he had been drinking and using drugs,

7

that he had not changed his lifestyle or behavior during that time, but was now attempting to do so. However, approximately three months prior to the final hearing, Appellant was arrested for a second driving while intoxicated charge to which he pled guilty. Appellant admitted that he continued to drink alcohol while he was supposed to be participating in services under the Department's service plan and conceded that he had used cocaine four months prior to the hearing.

A caseworker testified at trial that Appellant had signed the temporary order directing him to comply with the Department's service plan and Appellant understood that he was required to complete the service plan in order to have his children returned to him. Appellant did not comply with the plan at the outset due to the existence of an outstanding warrant. He did not want to turn himself in to authorities and he remained out of state.

The April 2013 service plan contains notations that Appellant failed to provide a valid address, had not visited his children in several months, and "hardly calls to see how they are doing." The July 2013 service plan reveals that Appellant "has not been part of his children's lives and has moved away to Oklahoma City . . . because he has criminal charges pending." In response, Appellant cited his confinement in jail as a basis for his inability to comply with the service plan but admitted that he had only been jailed for three months, had attempted compliance for only six to eight months, and had been hiding from child protective services. He also admitted that he violated service plan restrictions regarding his consumption of drugs and alcohol, and had irregular visits with his children. He further agreed that he had been ordered to pay $25 per month in child support but contended that he did not make any payments because he never received a letter from "child support." A September 2011 motion for enforcement alleged he owed more than $8,000 in child support and more than $900 in medical support.

8

Appellant claimed he did not want to lose his rights to see his children and hoped that they would be placed with someone he knows. When asked if he had a home for the children, he responded that he could take them to his grandfather's house or to a trailer that his boss agreed to lend him. But the home study for Appellant's grandfather had not been approved due to safety concerns. Appellant had previously suggested a family member for placement of Appellant's two children and the home study for that family was positive. But the family did not want to accept all three of S.V.'s children. The two older siblings had informed her that they did not want to be separated and had expressed that they would rather live in an unrelated foster home "for the rest of their lives as long as they [would not be] separated." The caseworker believed that it is in the children's best interest that they remain together, and the children were not placed with the family member as Appellant had requested.

The caseworker then testified that all three children had been placed together in the same foster home, were doing well in school, had not been ill, had no behavioral issues, are "very bonded" to each other, and in a safe, loving environment. She also noted that the foster mother had consistently met the medical and therapeutic needs of the children. Believing that the Department had used reasonable efforts to attempt reunification of Appellant with his children, the caseworker opined that the Department's permanency plan of unrelated adoption for all three children was in their best interest as Appellant had failed to demonstrate an ability and a willingness to take his children and had failed to demonstrate his ability to provide a safe environment for them.

When all of the evidence is considered, whether in the light most favorable to the judgment or in a neutral light, we conclude that the evidence is such that a reasonable trier of fact could have

9

formed a firm belief or conviction that termination was in the children's best interest.  *See In re H.R.M.,* 209 S.W.3d at 108; *In re J.F.C.,* 96 S.W.3d at 266.  Consequently, the evidence was legally and factually sufficient to establish the best interest requirement of Section 161.001.  *See* TEX.FAM.CODE ANN. § 161.001(2)(West 2014).   We overrule Issue One in its entirety.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In Issue Two, Appellant contends his "right to a fair trial for termination of his parental rights was affected by ineffective assistance of counsel."

### Standard of Review

The statutory right to counsel in parental-rights termination cases includes a guarantee that counsel will perform effectively.   *In re B.G.*, 317 S.W.3d 250, 253-54 (Tex. 2010).   In parental termination cases, the Texas Supreme Court has adopted the *Strickland* test that establishes the standards for effective assistance in criminal cases.  *See In re M.S.*, 115 S.W.3d 534, 545 (Tex. 2003)(citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). "Under the well-established *Strickland* test, proving ineffective assistance of counsel requires a showing that (1) counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment, and (2) the deficient performance prejudiced the defense, which 'requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'"  *In re H.R.M.*, 209 S.W.3d at 111 (quoting *M.S.*, 115 S.W.3d at 545).   If the *Strickland* test is not met, an appellant's ineffective assistance of counsel claim is defeated.  *See In re M.S.*, 115 S.W.3d at 545; *see also Strickland*, 466 U.S. at 700, 104 S.Ct. at 2071.

Under the first prong, trial counsel's performance must be shown to have fallen below an

10

objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88, 104 S.Ct. at 2064. Trial counsel's conduct constitutes ineffective assistance only if the challenged conduct is so outrageous that no competent attorney would have engaged in it. *See In re M.S.*, 115 S.W.3d at 545. Under the second prong, an appellant must establish that there is a reasonable probability that but for his attorney's deficient performance, the outcome of his case would have been different. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. "Reasonable probability" is that which is "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2068.

In evaluating trial counsel's performance, we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance and was motivated by sound trial strategy. *In re M.S.*, 115 S.W.3d at 545. An appellant bears the burden to overcome the presumption that, under the circumstances, the challenged conduct might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. When the record is silent concerning the reasons for trial counsel's actions, we do not engage in speculation to find ineffective assistance of counsel. *In re L.C.W.,* 411 S.W.3d 116, 127 (Tex. App. – El Paso 2013, no pet.).

### Evidentiary Complaints

Appellant specifically complains of counsel's failure to object to: (1) the accusation that Appellant, rather than S.V., possessed drugs; (2) questions regarding Appellant's conduct for which he had been arrested when the charges had been dismissed or Appellant had been found not guilty; (3) the tender of Appellant's written relinquishment of his parental rights to the children's maternal grandmother when the Department later determined such placement was unsafe; (4) the

11

allegedly improper tender of Appellant's police records under Texas Rule of Evidence 803(6) "without redacting the hearsay evidence contained inside;" and (5) the tender of inadmissible evidence. Appellant further complains that counsel permitted him to testify about his past criminal history in great detail and allowed the Department to "go into his criminal background on inadmissible evidence."

Appellant has not conducted a *Strickland* analysis with regard to the specific complaints as set out in his brief or the facts as set out in the record. He provides no analysis regarding his Rule 803(6) complaint or any of his "failure to object" complaints, he fails to specifically identify the evidence that he alleges was inadmissible, and he provides no analysis as to why the evidence was inadmissible. He does claim that counsel sat idly by doing nothing as "clearly revealed in the sparse transcript," and contends that "[w]hen the trial court, sua sponte, took judicial notice of the contents of [the Department's file], trial counsel failed to object or to do anything to require that [the Department] present properly admissible evidence to establish its allegation that Appellant had endangered or constructively abandoned the child." Appellant further contends that "[w]hen counsel for [the Department] stated, without any authenticating testimony, 'These are appellant's pills via EMS,' trial counsel apparently could not articulate a proper objection[,]" and asserted that "when given the opportunity to cross-examine the CASA, the only witness that represented the Child presented at trial, trial counsel responded, 'No questions judge.'"

The record does not support these assertions. It includes the testimony of four witnesses, exceeds 600 pages of exhibits, and is not sparse. The trial court did not *sua sponte* take judicial notice of the contents of the Department's file. No witness ever testified about Appellant's pills or EMS. No CASA representative testified in the proceedings. We are directed to Texas

12

Government Code Section 406.013 as well as Rules of Evidence 901(7) and 902(4), but Appellant has not applied them to the facts of the case nor provided an analysis in relation to his ineffective assistance. Moreover, Appellant pled guilty to the charge of child abandonment.

Appellant next proceeds to briefly discuss "constructive denial of counsel," asserting that prejudice need not be shown when it is established that counsel was not merely incompetent but inert or counsel entirely failed to subject "the prosecution's" case to meaningful adversarial testing. Citing federal cases which we need not recite here, Appellant suggests that prejudice is presumed "where defense counsel repeatedly slept in trial while evidence was being introduced against the defendant[,] . . ." where a lawyer "never investigated the facts, never discussed the applicable law, . . . and never advised him of the rights he would surrender by pleading guilty."

Appellant fails to direct us to any portion of the record showing that counsel was "inert," failed to subject the Department's case to meaningful adversarial testing, slept, failed to investigate the facts of the case, or failed to discuss with Appellant the applicable law. To the extent Appellant's failure to object complaints are encompassed by his constructive denial of counsel assertion, we disagree. The record demonstrates that counsel was well-engaged during the proceedings. When the Department tendered Appellant's criminal history information, indictments, and judgments contained within Exhibits 51, 52, 53, and 56, counsel requested additional time to review the documents before responding that he did not object to the exhibits. Counsel's cross-examination of witnesses focused on Appellant's desire to keep his children or have them placed with someone he knows. While agreeing that an exhibit containing police records was admissible, counsel objected to its admission on the basis that the records contained hearsay statements, but the trial court overruled the objection. Counsel raised the same objection

regarding the offer of El Paso Sheriff Department records, which the trial court also overruled. While acknowledging Appellant's past during closing argument, counsel urged the trial court to place Appellant's children with the relative who had a positive home study and that it was not in the children's best interest to be adopted by non-family members as there was no assurance the three children would stay together. The record is silent as to both counsel's basis for not objecting to the complained-of evidence and testimony and his trial strategy. *See In re J.F.C.,* 96 S.W.3d at 284 (fact that counsel did not object to each and every question was within realm of reasonable trial strategy in light of the record).

Because the record is silent concerning the reasons for trial counsel's acts or omissions during the final termination hearing, we will not speculate to find ineffective assistance of counsel. *In re L.C.W.,* 411 S.W.3d at 127. Despite the inaccuracies presented in Appellant's brief, we have thoroughly reviewed the record and conclude Appellant has failed to overcome the presumption that, under the circumstances, counsel's conduct fell within the wide range of reasonable, professional assistance and might be considered sound trial strategy. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *In re M.S.*, 115 S.W.3d at 545. He has also failed to show that counsel's conduct is so outrageous that no competent attorney would have engaged in it. *See In re M.S.*, 115 S.W.3d at 545. Because Appellant has failed to satisfy the first *Strickland* prong, we overrule Issue Two. The judgment of the trial court is affirmed.

ANN CRAWFORD McCLURE, Chief Justice

October 8, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., not participating

14