**AFFIRMED and Opinion Filed April 10, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00210-CV**

## IN THE INTEREST OF A.A.E. AND J.O.E., CHILDREN

**On Appeal from the 469th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 469-53528-2014**

## MEMORANDUM OPINION
Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Bridges

Mother appeals the trial court's final divorce decree in which the court designated Father as primary managing conservator. In three issues, she argues she received ineffective assistance of counsel, and the evidence is legally insufficient to support his designation as primary managing conservator and to require her to have supervised visits with the children. We affirm the trial court's judgment.

### Background

The following facts are based on the few pleadings in the record and one trial court hearing in which only Mother and Father testified.

Father met Mother while working in Nigeria. The two married in 1996 and moved back to the United States. They had three sons: JKE, JOE, and AAE.[1]

---

[1] This appeal involves only two sons, AAE and JOE. JKE turned eighteen before the divorce was finalized.

In early 2014, Mother spent approximately six months in Nigeria for family matters and returned in July. In December 2014, the "incident," which Mother claims started "this," occurred. According to Mother, when she returned to the States, she discovered JOE and AAE had been suspended from school. Father was drinking heavily during this time and acting aggressively towards her and the boys. She called the children's doctor, who recommended psychological testing for the children and family counseling. She claimed that on the way to an appointment, Father told AAE to beat her, which he did. She testified that when they later returned home, Father and AAE continued to beat her. She eventually called 9-1-1 and was taken to the hospital.

Father denied Mother's version of events and testified, "The police determined that she was - - needed to be arrested that night." Officers did in fact arrest Mother for domestic violence after the hospital discharged her.

On July 17, 2014, "after a post arrest hearing as provided by law, and after considering the evidence," a magistrate entered an order for emergency protection to protect Father from Mother. On July 22, 2014, Father filed his original petition for divorce. He argued appointment of the parents as joint managing conservators would not be in the best interest of the children because Mother had a history of committing family violence. Attached to the petition, Father included the July 17, 2014 order for emergency protection issued against Mother for committing family violence.

Mother filed her original answer on October 16, 2014. She requested joint managing conservatorship and the exclusive right to designate the children's primary residence and receive child support.

On January 30, 2015, the trial court signed temporary orders appointing Father as temporary sole managing conservator and Mother as temporary possessory conservator of the children. On August 19, 2016, the trial court signed a second temporary order in which Father

remained temporary sole managing conservator and Mother continued as temporary possessory conservator. The order required supervised visitation because of "credible evidence that [Mother] has a history or pattern of child neglect directed against the children." It further ordered Mother to undergo a psychiatric evaluation within thirty days of the order and file the evaluation with the trial court on or before October 1, 2016. Mother never completed her court-ordered psychiatric evaluation.

The trial court held a final hearing on May 2, 2017. The trial court signed a final divorce decree on January 29, 2018, appointing Father as sole managing conservator and Mother as possessory conservator with supervised visitation. The final decree incorporated the terms of the second temporary order in which the court ordered Mother to undergo psychological evaluation. Mother, appearing pro se, filed this appeal.

**Sufficiency of the Evidence**

In her first and second issues, Mother argues the evidence is legally insufficient to support the trial court's designation of Father as primary managing conservator and to require supervised visitation between her and the children. Father, appearing pro se, argues the evidence is sufficient.

Trial courts have wide discretion to determine a child's best interest, including issues of custody, control, possession and visitation. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *Patterson v. Brist*, 236 S.W.3d 238, 239–40 (Tex. App.—Houston [1st Dist.] 2006, pet. dism'd). Appellate courts will reverse a trial court's determination of conservatorship only if a review of the entire record reveals the trial court's decision was arbitrary or unreasonable. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007); *Patterson*, 236 S.W.3d at 240. A trial court does not abuse its discretion "as long as some evidence of a substantive and probative character exists to support the trial court's decision." *In re W.M.*, 172 S.W.3d 718, 725 (Tex. App.—Fort Worth 2005, no pet.). We view the evidence in the light most favorable to the trial court's decision and

indulge every legal presumption in favor of its judgment. *Patterson*, 236 S.W.3d at 240. The trial court is in the best position to observe the demeanor and personalities of the parties and to evaluate credibility, influences, and other forces that are not discernible from a cold record. *Sheriff v. Moosa*, No. 05-13-01143-CV, 2015 WL 4736564, at *5 (Tex. App.—Dallas Aug. 11, 2015, no pet.) (mem. op.); *In re J.R.D.*, 169 S.W.3d 740, 743 (Tex. App.—Austin 2005, pet. denied). An allegation of legal or factual insufficiency is not treated as an independent ground of error in this context because the appropriate standard of review is abuse of discretion. *Patterson*, 236 S.W.3d at 240; *Hardin v. Hardin*, 161 S.W.3d 14, 19 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Rather, sufficiency challenges are incorporated into an abuse of discretion determination. *Patterson*, 236 S.W.3d at 240.

"The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." Tex. Fam. Code Ann. § 153.002; *Lenz v. Lenz*, 79 S.W.3d 10, 14 (Tex. 2002) (reiterating legislature's mandate that best interest of child is primary consideration). Courts consider the *Holley* factors when determining whether the appointment of a party as managing conservator is in the child's best interest. *See In re A.C.*, 394 S.W.3d 633, 644 (Tex. App.—Houston [1st Dist.] 2012, no pet.). These nonexclusive factors include the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of the individual seeking custody, the stability of the home or proposed placement, the acts or omissions of the parent, which may indicate the existing parent-child relationship is not a proper one, and any excuse for the act or omission of the parent. *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976); *Patterson*, 236 S.W.3d at 240.

In addition to the *Holley* factors, this Court considers the mandatory provisions in the family code regarding conservatorship. Under the statute, the trial court is required to presume

that the appointment of the parents as joint managing conservators is in the best interest of the children until evidence is presented to rebut this presumption. TEX. FAM. CODE ANN. § 153.131(a), (b). The party seeking appointment as sole managing conservator has the burden to rebut the presumption. *Id.* § 153.131(b); *In re K.S.*, 492 S.W.3d 419, 427 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). If "credible evidence is presented of a history or pattern of past or present child neglect, or physical or sexual abuse by one parent directed against the other parent, a spouse, or a child," the court may not appoint a parent as joint managing conservator. TEX. FAM. CODE ANN. § 153.004(b); *In re K.S.*, 492 S.W.3d at 427.

Mother argues the record does not contain any evidence she was violent because she was ultimately acquitted of the assault family violence charges, and Father was the one who owned a gun and committed violence against her. Father admitted the family had a lengthy history with CPS; however, there is no evidence in the record indicating CPS ever determined he engaged in any abuse or neglect of the children. Father denied abusing Mother. To the extent the court heard conflicting testimony about who was the victim of family violence, the trial court, as the judge of witness credibility, was free to disbelieve Mother's testimony. *Id.*

Further, the record contains evidence rebutting the presumption that appointment of the parents as joint managing conservators is in the best interest of the children. The second temporary order included a finding "that credible evidence has been presented that [MOTHER] has a history or pattern of child neglect directed against the children." The order also states the court heard the motion on July 14, 2016, but the record before us does not contain a transcript from this hearing. Where there is no reporter's record, we assume the trial court heard sufficient evidence to make all necessary findings in support of the order. *Onkst v. Onkst*, No. 03-15-00636-CV, 2017 WL 2628245, at *2 (Tex. App.—Austin June 16, 2017, no pet.) (mem. op.) (citing *Hebisen v. Clear Creek Indep. Sch. Dist.*, 217 S.W.3d 527, 536 (Tex. App.—Houston [14th Dist.] 2006, no pet.)).

Thus, we must assume the trial court heard sufficient evidence to support a finding that Mother has a history or pattern of child neglect thereby rebutting the presumption that appointing the parents as joint managing conservators was in the children's best interest. *See* TEX. FAM. CODE ANN. § 153.131(b); *see, e.g., In re K.S.*, 492 S.W.3d at 427. Moreover, Father testified at the final hearing that nothing had changed resulting in Mother becoming a better parent since the second temporary order hearing.

Further, at the time of the final hearing, Mother had not seen JOE and AAE since her arrest for domestic violence at the end of June 2014. During that approximate three-year time, Mother never complied with the terms of the temporary orders requiring a psychiatric evaluation. Instead, Mother had threatened to circumvent the order. Although she testified she had a psychiatric evaluation in 2010 and another one in 2016 with CPS, she never completed one pursuant to the court's temporary orders. She repeatedly testified, "I don't have any psychiatric problems and there was no evidence of that." She further claimed she did not need one because, "I know who I am." Mother admitted she had not paid any child support as required by the second temporary order, "[b]ecause I know what is best for my children." *See, e.g., B.C. v. Tex. Dep't of Family & Protective Servs.*, 446 S.W.3d 869, 876 (Tex. App.—El Paso 2014, no pet.) (considering failure to pay child support as relevant to child's best interest); *see also In re A.F.V.*, No. 04-17-00225-CV, 2017 WL 3270336, at *3 (Tex. App.—San Antonio August 2, 2017, no pet.) (mem. op.). Such evidence implicates Mother's parental abilities. Moreover, her own unwillingness to obey court orders prevented her access to her children. Mother's acts and omissions indicate she was not acting in her children's best interest.

After reviewing the record, we conclude the evidence sufficiently supports the trial court's exercise of its discretion to determine that appointing Father as sole managing conservator and

Mother as possessory conservator was in the best interest of the children. Mother's first issue is overruled.

In her second issue, Mother argues the evidence is legally insufficient to require supervised visitation with the children. It is a rebuttable presumption that it is not in the best interest of a child for a parent to have unsupervised visitation with the child if credible evidence is presented of a pattern or history of past or present child neglect or family violence by that parent or by any person who resides in that parent's household. *See* TEX. FAM. CODE ANN. § 153.004(e)(1), (2). As explained above, we presume the record supports the trial court's exercise of its discretion in determining that Mother's visits with the children should be supervised based on her history of neglect. *See Onkst*, 2017 WL 2628245, at *2. Further, Father testified Mother was arrested and charged with domestic violence. To the extent Mother argues she was acquitted of the charges, the family code does not require a conviction for family violence in determining conservatorship and best interest of the child. *See* TEX. FAM. CODE ANN. § 153.004(a), (b); *see also In re V.V.*, 349 S.W.3d 548, 556 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (noting courts routinely consider parent-on-parent physical abuse without specifically requiring evidence that conduct resulted in criminal conviction when considering best interest of child).

Father also testified that JKE had been arrested for family violence twice. At the time of the final hearing, JKE was over eighteen, and Father believed he still lived with Mother. As such, the trial court was presented with credible evidence of a history of family violence by a person who resided in Mother's household. *See* TEX. FAM. CODE ANN. § 153.004(e)(2). Accordingly, Mother failed to present evidence rebutting the presumption that it was not in the children's best interest to have unsupervised visits with her. *Id.* § 153.004(e).

To the extent Mother tries to rebut the presumption by citing to an attorney ad litem recommendation attached to her brief, we may not consider it. The report was not evidence the

trial court considered in making its ruling, and documents attached to briefs may not be considered by a reviewing court because they are not part of the appellate record. *See Goodman v. Melech*, No. 05-03-00188-CV, 2003 WL 22351416, at *1 (Tex. App.—Dallas Oct. 16, 2003, no pet.) (mem. op.) (refusing to consider document attached to brief because it was not presented to trial court); *see also In re Bendtsen*, 230 S.W.3d 823, 830 (Tex. App.—Dallas 2007, pet. denied).

Accordingly, the trial court did not abuse its discretion by ordering supervised visitation. Mother's second issue is overruled.

### Ineffective Assistance of Counsel

In her third issue, Mother argues she received ineffective assistance of counsel during the hearing because her counsel failed to disclose witnesses and documents during discovery resulting in the trial court sustaining Father's objections to their admissibility. The doctrine of ineffective assistance of counsel does not extend to most civil cases, including divorce cases involving custody issues. *See Blair v. McClinton*, No. 01-11-00701-CV, 2013 WL 3354649, at *2 (Tex. App.—Houston [1st Dist.] July 2, 2013, pet. denied) (mem. op.). While the Texas Supreme Court has recognized a constitutional right to effective counsel in parental rights termination cases, this case does not involve the termination of parental rights. *See In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). Thus, this limited exception is inapplicable. *See In re G.J.P.*, 314 S.W.3d 217, 223 (Tex. App.—Texarkana 2010, pet. denied) (ineffective assistance of counsel claim not available in divorce proceeding involving child custody issues). Mother's third issue is overruled.

**Conclusion**

The judgment of the trial court is affirmed.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

180210F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF A.A.E. AND
J.O.E., CHILDREN

No. 05-18-00210-CV

On Appeal from the 469th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 469-53528-2014.
Opinion delivered by Justice Bridges.
Justices Partida-Kipness and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Michael Enge recover his costs of this appeal from
appellant Chika Enge.


Judgment entered April 10, 2019.