

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |
|---|---|
| § | No. 08-11-00247-CV |
| § | Appeal from the |
| IN THE INTEREST OF L.C.W., A CHILD. § | 65th District Court |
| § | of El Paso County, Texas |
| § | (TC# 2010CM1397) |
| § | |

**O P I N I O N**

Appellants, T.W. (father) and M.C.J. (mother), appeal from a judgment terminating their parental rights to their child L.C.W.[1]   T.W.'s sole issue on appeal is that the trial court erred in finding his points for appeal frivolous pursuant to Section 263.405(b) of the Texas Family Code. He contends that (1) the trial court improperly limited him from using the words "waiver" and

---

[1] The law in effect when the trial court rendered the judgment terminating Appellants' parental rights was the former section 263.405 of the Texas Family Code.   *See* Act of May 19, 2011, 82d Leg., R.S., ch. 75, 2011 TEX. GEN. LAWS 348, 349–50.   Effective September 1, 2011, a party seeking appellate review of an order terminating his parental rights is no longer required to file a statement of points he intends to raise on appeal, and the statute no longer provides for a frivolousness review of the appeal by the trial court. *See* Act of May 19, 2011, 82d Leg., R.S., ch. 75, § 4, 2011 TEX.GEN.LAWS 348, 349–50, *amending* TEX. FAM. CODE ANN. § 263.405.   This case pre-dates the Legislature's amendments and for purposes of this opinion, we will refer to section 263.405 as it existed prior to the 2011 amendments.   *See* Act of May 19, 2011, 82d Leg., R.S., ch. 75, § 8–9, 2011 TEX. GEN. LAWS 348, 349–50.

"estoppel" in his closing argument, (2) the trial court violated his due process rights by denying his motion for continuance, (3) the evidence was factually insufficient to support the jury's best interest finding, and (4) the evidence was legally insufficient to support the jury's best interest finding. M.C.J. raises two issues in which she argues the trial court erred in finding her points of error for appeal frivolous. In a third issue, M.C.J. asserts that her trial counsel rendered ineffective assistance. We affirm.

## BACKGROUND

On March 4, 2010, the Texas Department of Family and Protective Services (the Department) filed a petition to terminate the parental rights of T.W. and M.C.J. After a jury trial, the trial court accepted the jury's findings and entered an order terminating the parental rights of T.W. and M.C.J. on July 29, 2011. The Department was appointed as the permanent managing conservator of L.C.W.

On August 9, 2011, T.W. filed a notice of appeal and a statement of points of error. In his points of error, T.W. complained about the trial court's failure to properly instruct the jury on the doctrines of waiver, estoppel, coercion, and release, the denial of his motion to continue, and the factual and legal sufficiency of the evidence. On August 11, 2011, appellate counsel for M.C.J. entered an appearance and filed M.C.J.'s notice of points on appeal. M.C.J.'s notice of points on appeal mirror T.W.'s points of error. On August 17, 2011 and August 26, 2011, the trial court conducted hearings pursuant to section 263.405(d) of the Texas Family Code. After considering the testimony and arguments of the parties, the trial court found that the points of appeal raised by T.W. and M.C.J. were frivolous. T.W. filed a notice of appeal from the trial court's frivolousness determination on September 2, 2011. The record reflects that M.C.J. did not file a notice of appeal.

2

**DISCUSSION**

**JURISDICTION**

We begin by addressing the Department's complaint that we do not have jurisdiction to consider M.C.J.'s appeal because she failed to file a notice of appeal. An appeal from an order terminating parental rights is accelerated. TEX. FAM. CODE ANN. § 263.405(a) (West 2008). In an accelerated appeal, the notice of appeal must be filed with the trial court clerk within 20 days of the date the order is signed in order for the appeal to be perfected. TEX. R. APP. P. 25.1, 26.1(b). The Texas Rules of Appellate Procedure are construed reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule. *Verburgt v. Dorner,* 959 S.W.2d 615, 616-17 (Tex. 1997). Further, we have jurisdiction over an appeal if the appellant timely files an instrument that is a bona fide attempt to invoke the appellate court's jurisdiction. *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005); *In re B.G.*, 104 S.W.3d 565, 567-68 (Tex. App. – Waco 2002, no pet.) (a bona fide attempt at appeal sufficiently invokes appellate jurisdiction even if defective); *see also Grand Prairie ISD v. Southern Parts Imps., Inc.*, 813 S.W.2d 499, 500 (Tex. 1991).

The trial court's termination order was entered on July 29, 2011. M.C.J.'s notice of appeal was due no later than August 18, 2011. TEX. R. APP. P. 25.1, 26.1(b). On August 11, 2011, M.C.J. filed a "Notice of Points on Appeal of Termination of Parental Rights." The record reflects that M.C.J. failed to file a separate instrument titled "notice of appeal." Accordingly, we must determine whether her notice of points on appeal sufficiently invoked this Court's jurisdiction.

Appellate courts have jurisdiction over any appeal where the appellant files an instrument that was filed in a bona fide attempt to invoke the jurisdiction of the courts of appeals. *In re J.M.*,

3

396 S.W.3d 528, 529-30 (Tex. 2013). In *Coey v. Texas Dept. of Family and Protective Services*, the Austin Court of Appeals held that a statement of points on appeal filed within the period for filing motion to extend time to file notice of appeal sufficiently invoked appellate court's jurisdiction. *Coey v. Texas Dept. of Family and Protective Services*, No. 03-05-00679-CV, 2006 WL 1358490, at \*1-2 (Tex. App. – Austin May 19, 2006, no pet.) (mem. op., not designated for publication). Because the extreme nature of a termination of parental rights proceeding may result in the permanent severance of the relationship between parent and child, we are compelled to agree with our sister court's holding in *Coey*.

M.C.J.'s notice of points on appeal asks the trial court to find her notice timely and sets forth the specific grounds for appeal. We construe the language contained in M.C.J.'s notice of points on appeal as a bona fide attempt to invoke appellate jurisdiction, even if it is deficient under TEX. R. APP. P. 25.1(d). *See In re B.G.*, 104 S.W.3d at 567. Although M.C.J. failed to file the "notice of appeal," M.C.J.'s notice of points on appeal was timely filed and its contents indicate a bona fide attempt to invoke the appellate court's jurisdiction, as such her notice of points on appeal was sufficient to invoke this Court's jurisdiction. *See Coey*, 2006 WL 1358490, at\*1; *see also In re K.A.F.,* 160 S.W.3d at 927; *Verburgt*, 959 S.W.2d at 616 (when an arguable interpretation of the Rules of Appellate Procedure would preserve the appeal, an appeal should not be dismissed for a procedural defect).

## THE TRIAL COURT'S FRIVOLOUSNESS FINDING

We now turn to the merits of Appellants' issues, namely, whether the trial court erred in finding their points of appeal to be frivolous. Where possible, we address Appellants' issues together.

*Standard of Review*

4

A party wishing to appeal a final order terminating parental rights must file points of appeal with the trial court, which must then hold a hearing and determine whether the appeal is frivolous as set forth in Section 13.003(b) of the Civil Practices and Remedies Code. TEX. FAM. CODE ANN. §§ 263.405(b), (b-1), (d)(3); TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (West 2002). In making its determination regarding whether an appeal is frivolous, "a judge may consider whether the appellant has presented a substantial question for appellate review." TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b); *D.R. v. Tex. Dept. of Family and Protective Servs.*, 281 S.W.3d 598, 602 (Tex. App. – El Paso 2008, no pet.).

Before considering the substantive merits of an appeal from an order terminating parental rights in which the trial court found the point or points of error to be frivolous, we must first consider whether the trial court properly found the appeal to be frivolous. *In re A.B.*, 269 S.W.3d 120, 124 (Tex. App. – El Paso 2008, no pet.). An appeal which lacks an arguable basis in law or in fact is frivolous. *D.R.*, 281 S.W.3d at 602. When reviewing a trial court's finding that a party's point of appeal of a final order is frivolous, we utilize an abuse of discretion standard. *In re A.B.*, 269 S.W.3d at 124. The test for determining whether an abuse of discretion has occurred is, did the court act contrary to the guiding rules or principles? *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Green v. Texas Dept. of Protective and Regulatory Servs.*, 25 S.W.3d 213, 218 (Tex. App. – El Paso 2000, no pet.). That is, we consider whether the trial court's action was arbitrary or unreasonable. *Downer*, 701 S.W.2d at 242-43; *Green*, 25 S.W.3d at 218.

## LIMITATION OF CLOSING ARGUMENT

In his first sub-issue, T.W. argues that the trial court improperly limited his closing argument by not permitting him to use the terms "waiver, estoppel, and release." The Department

5

contends that T.W. has failed to preserve his complaint for appellate review because he did not raise it in a timely-filed statement of points. We agree.

Under Section 263.405(i), an appellate court may not consider any issue that was not specifically presented to the trial court in a timely statement of points. TEX. FAM. CODE ANN. § 263.405(i). The statement of points must be filed within fifteen days of the entry of the final order. *Id*. § 263.405(b). The trial court may extend the deadline for filing a statement of points upon a showing of good cause. *In re M.N.*, 262 S.W.3d 799, 803-04 (Tex. 2008). Where a party fails to address an issue in a statement of points, the issue is waived on appeal. *See In re J.H.G.*, 302 S.W.3d 304, 306 (Tex. 2010); *Hernandez v. Texas Dep't of Family & Prot. Servs.*, No. 03-10-00061-CV, 2011 WL 2139077, at *1 (Tex. App. – Austin May 27, 2011, no pet.) (mem. op., not designated for publication) (declining to consider issue that trial court erred by limiting appellant's counsel's presentation to *venire* because it was not raised in a timely statement of points).

It is undisputed that the statement of points T.W. filed on August 9, 2011 was timely. However, T.W.'s statement of points did not complain of the trial court's limitation on his closing argument, but instead challenged the trial court's failure to properly instruct the jury as to the doctrines of waiver, estoppel, coercion, and release. The record reflects that during the section 263.405(d) hearing, T.W. orally moved "for a trial amendment, out of time, of the points on appeal" to add the issue on the limitation of his closing argument. However, the trial court deferred ruling on T.W.'s request at that time and the record contains no indication that T.W. followed up with a request for a ruling or that he moved to extend the deadline to file an amended statement of points. The record reflects that the trial court did not take any action on T.W.'s request to add additional issues to his statement of points on appeal. Moreover, we note that in the

6

notice of appeal T.W. filed with this Court on September 2, 2011, he asks that we consider his additional points of appeal under the good cause exception. *See In re M.N.*, 262 S.W.3d at 803-04 (stating that the trial court may extend the deadline for filing a statement of points where good cause is shown). We reject T.W.'s request. The record is clear that T.W. failed to raise his complaint concerning the limitation of his closing argument in a timely-filed statement of points, failed to move to extend the deadline for filing a statement of points, and failed to obtain a ruling from the trial court on his request to add issues to his statement of points. Thus, T.W. has failed to preserve his complaint for our review and we may not consider this issue in reviewing the trial court's frivolousness finding. *See* TEX. FAM. CODE ANN. § 263.405(i); *In re J.H.G.*, 302 S.W.3d at 306; *see also In re A.B.*, 269 S.W.3d at 124, 125 (where appellant abandoned some grounds for appeal and sought to add new grounds on appeal, appellate court could not consider those issues that were not specifically presented to the trial court); *Hernandez*, 2011 WL 2139077, at *1. Appellant T.W.'s first sub-issue is overruled.

## MOTION FOR CONTINUANCE

Both M.C.J. and T.W. contend that the trial court erred in finding that their points of appeal challenging the denial of their motions for continuance were frivolous.

We review a trial court's denial of a motion for continuance for an abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *In re S.M.*, 389 S.W.3d 483, 489 (Tex. App. – El Paso 2012, no pet.). The decision to grant or deny a motion for continuance is within the trial court's sound discretion. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). A court abuses it discretion when it acts without reference to guiding rules and principles. *Downer*, 701 S.W.2d at 241-42. In deciding whether the trial court has abused its discretion, we do not substitute our judgment for that of the trial court, but determine only whether the trial

7

court's action was arbitrary or unreasonable. *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 635 (Tex. 1986).

On July 14, 2011, T.W. filed a motion for continuance based on the Department's filing of a new service plan and his willingness to complete all the required services. On July 18, 2011, the day before this case was set for trial, a hearing on T.W.'s motion was held, during which M.C.J. orally joined T.W.'s motion for continuance. At that time, M.C.J.'s attorney explained that he had not been able to contact M.C.J., but that she had recently shown up and was in the process of starting a detox program. M.C.J.'s attorney asked for additional time to give M.C.J. an opportunity to try and get sober. The trial court denied T.W.'s motion for continuance. M.C.J.'s attorney subsequently filed a paper motion for continuance on the grounds that he re-established contact with M.C.J. on July 14, 2011, and, as such, had not had ample opportunity to prepare for trial. On July 19, 2011, prior to the commencement of trial, the trial court heard and denied M.C.J.'s motion for continuance.

*Denial of M.C.J.'s Motion for Continuance*

In her appellate brief, M.C.J. maintains that she was harmed by the denial of a continuance because her attorney was unable to properly prepare her for cross-examination and because she had to be excused during trial due to apparent drug withdrawal. However, nothing in the record reflects that M.C.J. requested a continuance based on her experiencing any drug withdrawal symptoms. The record shows that the trial court appointed an attorney to represent M.C.J. in March 2010, at least one year prior to the trial setting. At the hearing on M.C.J.'s motion for continuance, the Department pointed out that in addition to the Family Code requiring that trial

8

commence before the dismissal date,[2] M.C.J. had had a year and a half to work services and that she had been "AWOL" for most of this case. The Department expressed that L.C.W. deserved permanency. Although M.C.J. argues that she was not given "opportune notice" to attend trial and asserts that she was entitled to a continuance for health reasons, under the facts of this case, we cannot conclude the trial court abused its discretion by denying M.C.J.'s motion for continuance. The record shows that M.C.J.'s trial counsel was appointed at the beginning of the case and that his inability to prepare for trial was due to M.C.J.'s own actions of not staying in contact with her attorney and her inability to maintain sobriety. Therefore, it was within the discretion of the trial court to deny the motion. *See In re D.W.*, 353 S.W.3d 188, 193 (Tex. App. – Texarkana 2011, pet. denied) (concluding no abuse of discretion in denying motion for continuance where mother had not been in contact with her attorney and her whereabouts could not be determined at the time of trial); *In re Z.J.C.*, No. 10-09-00026-CV, --- S.W.3d ---, 2009 WL 2179976, at *5 (Tex. App. – Waco July 22, 2009, no pet.) (upholding denial of mother's motion for continuance requesting additional time to prepare for trial because her counsel had been unable to contact her until shortly before trial because delay in communication was due to mother's own actions). Consequently, because this point of appeal does not present a substantial question for appellate review, we conclude that the trial court did not abuse its discretion in determining it to be frivolous. *D.R.*, 281 S.W.3d at 602. M.C.J.'s Issue One is overruled.

*Denial of T.W.'s Motion for Continuance*

In his appellate brief, T.W. first argues that the denial of his motion for continuance violated his due process rights and prejudiced his defense. The Department contends that we may

---

[2] The record demonstrates that this case had a dismissal deadline of September 3, 2011, pursuant to section 263.401(b) of the Texas Family Code.

not consider T.W.'s due process complaint because it was never presented to the trial court in his statement of points, motion for continuance, or a post-trial motion, or at any of the hearings.

To preserve a complaint for our review, the record must show that the complaint was presented to the trial court by a timely motion, request, or objection. TEX. R. APP. P. 33.1(a). Constitutional issues must also be properly raised in the trial court or they are waived on appeal. *Holcombe v. Reeves County Appraisal District*, 310 S.W.3d 86, 90 (Tex. App. – El Paso 2010, no pet.); *In re Baby Boy R.*, 191 S.W.3d 916, 921-22 (Tex. App. – Dallas 2006, pet. denied). The record reflects that T.W.'s due process argument was never specifically presented to the trial court. Because T.W. failed to specifically present this complaint to the trial court, he failed to preserve it for appellate review. *See In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003). However, T.W. properly challenged the denial of his motion for continuance in his statement of points and, as such, we will review that contention.

T.W. contends that the trial court erred in determining that his point of appeal challenging the denial of his motion to continue was frivolous because the Department agreed to a court-ordered extension, the Department identified new tasks to be completed in the service plan, and T.W. was unable to complete the service plan prior to the trial setting. T.W. also asserts that the denial of a continuance "probably . . . prejudice[d]" his ability to complete the service plan and more effectively demonstrate his stability and sobriety.

T.W.'s motion for continuance alleged that the Department filed its newest service plan on May 31, 2011, and that T.W. did not receive a copy until June 2011. On July 13, 2011, T.W. informed the Department that he was "eager to complete any and all services the Department requested of him including his OSAR assessment which [was] scheduled for July 26, 2011." T.W. urged that he deserved to be given a reasonable period of time to comply with all the

10

requirements of the May 2011 service plan due to the late filing of the service plan. At the hearing on his motion, T.W. explained that he moved for a continuance because the Department filed a new service plan on May 31, 2011, which required a number of services, all of which T.W. agreed to complete. T.W. indicated that he wanted an opportunity to actually complete the services. T.W. argued that since the Department came up with a new service plan, it was only reasonable to grant a continuance so that he could try to comply with the new plan. At that point, the Department reminded the trial court that the dismissal date of the case had already been extended once and that a service plan had been in place since April 2010. L.C.W.'s guardian ad litem agreed with the Department's position and stated that the child needed some permanency. The guardian ad litem further noted that the last time T.W. was given more time, T.W. was arrested and charged with drug possession and felony assault.

A trial court does not abuse its discretion by denying a continuance or extension, when a parent, through his or her own choices, fails to comply with a service plan and then at the time of the termination trial requests a continuance or an extension of the statutory dismissal deadline in order to complete the plan. *In re K.P.*, No. 2-09-028-CV, 2009 WL 2462564, at *4 (Tex. App. – Fort Worth Aug. 13, 2009, no pet.) (memo op., not designated for publication); *see also In re A.H.*, No. 04-06-00055-CV, 2006 WL 1473696, at *1 (Tex. App. – San Antonio May 31, 2006, no pet.) (mem. op., not designated for publication) (continuance not warranted where parent had sufficient opportunities to complete the service plan requirements); *In re H.R.*, 87 S.W.3d 691, 701 (Tex. App. – San Antonio 2002, no pet.) (no abuse of discretion found in denial of continuance where mother had recently been accepted into a drug treatment program and needed more time to complete the program because record reflected mother was aware she needed to get such treatment, but she would disappear or fail to follow through).

11

According to T.W., he initially received the original service plan in April 2010 and allegedly obtained the new service plan in June 2011. At T.W.'s continuance hearing, the Department clarified that the only difference between the May 2011 service plan and the April 2010 service plan was a psychological assessment. The record establishes that T.W. had repeatedly failed to complete the services in his service plans as a result of his own choices. Moreover, the record reflects that the Department attempted to contact T.W. several times to get the May 2011 service plan signed at that time, but it was unable to locate him. Based on these facts, we cannot conclude that the trial court abused its discretion in denying T.W.'s motion for continuance. *See In re K.P.*, 2009 WL 2462564, at *4; *In re A.H.*, 2006 WL 1473696, at *1; *In re H.R.*, 87 S.W.3d at 701. Accordingly, because this point of appeal fails to present a substantial question for review, we conclude that the trial court did not err in determining it to be frivolous. *D.R.*, 281 S.W.3d at 602. T.W.'s second sub-issue on appeal is overruled.

## SUFFICENCY OF THE EVIDENCE

Appellants both claim that the trial court erred in determining that their points of appeal challenging the legally and factually sufficiency of the evidence to support the termination of their parental rights on best interest grounds were frivolous. In addition, M.C.J. contends that the evidence is legally and factually insufficient to support the jury's finding that her parental rights to L.C.W. should be terminated under section 161.001(1)(N) of the Texas Family Code. The Department responds that Appellants failed to preserve these issues for appellate review. We agree.

After a jury trial, a party must preserve a legal sufficiency of the evidence challenge by: (1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission of a jury question; (4) a motion to disregard the jury's answer to a vital

12

fact issue; or (5) a motion for new trial. *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 220 (Tex. 1992); *see also In re D.J.J.*, 178 S.W.3d 424, 426-27 (Tex. App. – Fort Worth 2005, no pet.); *In re J.M.S.*, 43 S.W.3d 60, 62 (Tex. App. – Houston [1st Dist.] 2001, no pet.). Similarly, a motion for new trial is required to preserve a complaint of factual insufficiency to support a jury finding. *In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003); *In re D.J.J.*, 178 S.W.3d at 427; TEX. R. CIV. P. 324(b)(2). Because Appellants failed to preserve error by one of the five methods listed above, we conclude that they have failed to preserve their legal sufficiency challenges for our review. *See In re D.J.J.*, 178 S.W.3d at 426-27; *In re B.K.D.*, 131 S.W.3d 10, 15 (Tex. App. – Fort Worth 2003, pet. denied). Because Appellants failed to move for a new trial, we conclude that Appellants have also failed to preserve their factual sufficiency challenges for our consideration. *See* TEX. R. CIV. P. 324(b)(2); *see also In re A.M.*, 385 S.W.3d 74, 78-79 (Tex. App. – Waco 2012, pet. denied); *In re D.J.J.*, 178 S.W.3d at 426-27; *In re B.K.D.*, 131 S.W.3d at 15-16. Accordingly, M.C.J's Issue Two and T.W.'s third and fourth sub-issues are overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In her third issue on appeal, M.C.J. argues that her trial counsel was ineffective because he allowed T.W.'s legal counsel to perform a majority of the defense work and engaged in trial strategy that harmed her defense. Although this claim was not raised in her statement of points, claims for ineffective assistance of counsel can be raised on appeal for the first time despite a party's failure to include it in a statement of points on appeal. *See In re J.O.A.*, 283 S.W.3d 336, 339 (Tex. 2009).

The statutory right to counsel in parental rights termination cases includes a guarantee that counsel will perform effectively. *In re B.G.*, 317 S.W.3d 250, 253-54 (Tex. 2010). In parental rights termination cases, the Texas Supreme Court has adopted the *Strickland* test that establishes

13

the standards for effective assistance in criminal cases. *See In re M.S.*, 115 S.W.3d 534, 544-45 (Tex. 2003) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). "Under the well-established *Strickland* test, proving ineffective assistance of counsel requires a showing that (1) counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment, and (2) the deficient performance prejudiced the defense, which 'requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *In re H.R.M.*, 209 S.W.3d 105, 111 (Tex. 2006) (quoting *M.S.*, 115 S.W.3d at 545). If the *Strickland* test is not met, an appellant's ineffective assistance of counsel claim is defeated. *See In re M.S.*, 115 S.W.3d at 545; *see also Strickland*, 466 U.S. at 700.

Under the first prong, trial counsel's performance must be shown to have fallen below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. Trial counsel's conduct constitutes ineffective assistance only if the challenged conduct is so outrageous that no competent attorney would have engaged in it. *See In re M.S.*, 115 S.W.3d at 545; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Under the second prong, an appellant must establish that there is a reasonable probability that but for his attorney's deficient performance, the outcome of his case would have been different. *See Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 812. "Reasonable probability" is that which is "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

In evaluating trial counsel's performance, we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance and was motivated by sound trial strategy. *In re M.S.*, 115 S.W.3d at 545. An appellant bears the burden

14

to overcome the presumption that, under the circumstances, the challenged conduct might be considered sound trial strategy. *Strickland*, 466 U.S. at 689. When the record is silent concerning the reasons for trial counsel's actions, we do not engage in speculation to find ineffective assistance of counsel. *Walker v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608, 623 (Tex. App. – Houston [1st Dist.] 2009, pet. denied) (citing *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App. – Houston [1st Dist.] 1996, no pet.)). Accordingly, ineffective assistance claims must be firmly found in the record, and the record must affirmatively show the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (quoting *Thompson*, 9 S.W.3d at 814).

### The Cronic Presumption

First, M.C.J. argues that under the rule of *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.E.d.2d 657 (1984), she is not required to show prejudice because her trial counsel sat idly by, doing nothing and utterly failed to subject the Department's case "to any meaningful adversarial testing such that the process itself was presumptively unreliable." *See Cronic*, 466 U.S. at 659 (prejudice is presumed "if the accused is denied counsel at a critical stage of his trial [or] . . . if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing . . . ."). However, M.C.J.'s reliance on *Cronic* is misplaced.

The *Strickland* and *Cronic* standards differences are not of degree, but of kind. *Bell v. Cone*, 535 U.S. 685, 697, 122 S.Ct. 1843, 1851, 152 L.Ed.2d 914 (2002). In *Bell*, the Supreme Court explained that *Cronic* based the possibility of a presumption of prejudice on an attorney's failure to test the prosecution's case and specified that "the attorney's failure must be complete." *Id*. at 696-97. Specifically, M.C.J. asserts that she received ineffective assistance of counsel because her attorney: (1) allowed co-counsel to give the first opening statement; (2) admitted to

15

several of the grounds against M.C.J. in his opening argument; (3) failed to object to the inadmissibility of evidence; (4) permitted a witness to testify to "obvious hearsay;" (5) allowed M.C.J. to be excused during trial based on her drug withdrawal; (6) failed to object to drug testimony after M.C.J.'s excusal; (7) failed to question the Court Appointed Special Advocate; (8) failed to object to the Department noting for the record that M.C.J. had not returned to court after being excused; (9) admitted to M.C.J.'s failure to complete services and mentioned her possible relinquishment during closing argument; and (10) failed to properly preserve jury charge error.

The record shows that during the termination hearing, M.C.J.'s attorney made opening and closing arguments, lodged objections, questioned witnesses, challenged the Department's evidence and witnesses, and argued M.C.J.'s case to the jury. M.C.J. maintains that when taken as a whole her attorney's performance is "at best, passive, and, at worst, acquiescing in [the Department's] efforts to terminate [her] parental rights." However, in truth, her complaints about her attorney's conduct concern alleged errors, omissions, or strategic defense decisions and, as such, the *Cronic* presumption does not apply in this case. *See U.S. v. Barton*, No. 11-51147, 2013 WL 1777490, at *1 (5th Cir. Apr. 25, 2013) (citing *Gochicoa v. Johnson*, 238 F.3d 278, 284-85 (5th Cir. 2000)) (concluding *Strickland* rather than *Cronic* applies when defendant's attorney lodged objections, examined witnesses, and argued case to jury at trial); *see also In re V.V.*, 349 S.W.3d 548, 560 (Tex. App. – Houston [1st Dist.] 2010, pet. denied) (rejecting *Cronic* standard where attorney had not entirely failed to subject Department's case to adversarial testing). Accordingly, we conclude that M.C.J.'s ineffective assistance of counsel claim is governed by *Strickland* and not *Cronic*. *See In re V.V.*, 349 S.W.3d at 560.

*The Strickland Test*

The Department argues that M.C.J. has failed to establish deficient performance of her trial

counsel and sufficient prejudice under *Strickland*. We agree. It is M.C.J.'s burden to overcome the presumption that the challenged conduct might be considered sound trial strategy. *See Strickland*, 466 U.S. at 689.

The record before us is silent as to M.C.J.'s attorney's strategy at trial. M.C.J. did not file a motion for new trial and failed to call her trial counsel as a witness to explain his actions at the section 263.405(d) hearing. *See Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) (noting that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective"); *see also Anderson v. State*, 193 S.W.3d 34, 39-40 (Tex. App. – Houston [1st Dist.] 2006, pet. ref'd) (holding ineffective assistance of counsel claim not founded by record where appellant failed to call attorney during motion for new trial hearing to explain reasons for alleged failure to investigate or present mitigating evidence). Because the record reflects that M.C.J.'s ineffective assistance claim is not firmly founded in the record, we conclude that she had failed to satisfy the first prong of the two-pronged test. *See Mallett*, 65 S.W.3d at 63.

Even assuming that M.C.J. satisfied the first prong of the *Strickland* test, she has failed to meet the second prong of *Strickland*, because she failed to show that, but for her attorney's alleged deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. Although M.C.J. asserts that her attorney's actions caused her harm, she does not explain how her attorney's alleged deficient performance caused her harm or why the result of the proceeding would have been different but for the complained-of errors and omissions. Instead, M.C.J. requests that we abate her appeal so that the trial court can conduct a hearing to determine "whether any deficiency in counsel's performance affected the outcome of the case." We refuse to do so. *See In re L.D.G.*, No. 12-11-00005-CV, 2012 WL 171888, at *3 (Tex. App. –

17

Tyler Jan 18, 2012, no pet.) (mem. op.) (declining to abate appeal and order trial court to hold hearing to determine whether the challenged conduct of trial counsel raised in claim of ineffective assistance of counsel was meritorious). We conclude that M.C.J. has failed to meet her burden under the second prong of *Strickland* because she failed to show that but for the complained-of conduct of her attorney, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. Even if she had satisfied the first prong of *Strickland*, M.C.J. still could not prevail on her claim for ineffective assistance of counsel because she failed to satisfy the second prong of *Strickland*. *See In re M.S.*, 115 S.W.3d at 545; *Strickland*, 466 U.S. at 700; *see also Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Strickland*, 466 U.S. at 687 ("[u]nless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective."). M.C.J.'s Issue Three is overruled.

## CONCLUSION

Having overruled all of Appellants' issues, we affirm the trial court's judgment.

GUADALUPE RIVERA, Justice

August 21, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

18