**AFFIRMED; Opinion Filed August 27, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00493-CV

### IN THE INTEREST OF J.R.W. AND J.L.W, CHILDREN

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 13-09740-Y**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Myers

R.L.W., Father, appeals the trial court's judgment terminating the parent-child relationship between him and his children, J.R.W. and J.L.W.[1] Father brings six issues on appeal contending (a) the evidence is legally and factually insufficient to support termination of the parent-child relationship under section 161.001(1)(O) of the Texas Family Code and that termination of the parent-child relationship is in the best interest of the children;[2] (b) he received ineffective assistance of counsel; and (c) the evidence is legally and factually insufficient to

---

[1] The trial court also terminated the parent-child relationship between Mother and the children, but Mother is not a party to this appeal.

[2] *See* TEX. FAM. CODE ANN. § 161.001(1)(O), (2) (West 2014). Effective April 2, 2015, the Texas Legislature amended section 161.001. *See* Act of Mar. 26, 2015, 84th Leg., R.S., ch. 1, § 1.078, 2015 Tex. Sess. Law Serv. 1, 18. The amendment added a definition for "born addicted to alcohol or a controlled substance" and numbered it paragraph (a). The provisions containing the requirements for terminating the parent-child relationship were placed in paragraph (b). Thus, what was previously section 161.001(1) and (2) is now section 161.001(b)(1) and (2). We will refer to the prior numbering system, which was in effect at the time of the mediated settlement agreement and the trial court's judgment.

support the appointment of CPS as the managing conservator. We affirm the trial court's judgment.

## BACKGROUND

The Dallas County Child Protective Services Unit of the Texas Department of Family and Protective Services ("the Department") took possession of the children after an incident where Mother was drunk on a transit system train and her five-year-old child was wandering the train asking for help. *See* TEX. FAM. CODE ANN. § 262.104 (West 2014) (Department may take possession of child without court order if there is immediate danger to child's physical health or safety). The trial court appointed the Department as temporary managing conservator of the children and entered an order detailing the services Father and Mother needed to complete to obtain the return of the children. As of the date of the trial, Father and Mother had not completed those services. At the trial, the Department presented evidence that Father and Mother had signed a mediated settlement agreement in which they agreed to have their rights terminated under section 161.001(1)(O). Under the agreement, the Department would be the permanent managing conservator of the children and would facilitate their adoption by W.H., a relative. The agreement also provided that Father and Mother could have supervised visitation with the children as arranged and agreed to by W.H. The agreement also stated that all parties, which included Father and Mother, agreed that the agreement was in the best interest of the children. Father testified at the trial that he agreed to all the provisions of the agreement, that he understood everything he was consenting to in the agreement, that he was represented by counsel during the mediation session, that he had the opportunity to ask questions and request clarifications, and that he believed the agreement was in the best interest of the children. The trial court entered judgment in accordance with the agreement.

## TERMINATION OF PARENT-CHILD RELATIONSHIP

Section 161.001 of the Texas Family Code authorizes a court to order termination of the parent-child relationship if two elements are established by clear and convincing evidence. *See* TEX. FAM. CODE ANN. § 161.001(1), (2) (West 2014). First, the court must find the parent engaged in one of the acts or omissions itemized in subsection (1). Second, the court must find that termination of the parent-child relationship is in the best interest of the child. *Id.* Clear and convincing evidence is "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* § 101.007 (West 2014).

## STANDARD OF REVIEW

In reviewing the legal sufficiency of the evidence in a parental termination case,

> a court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible. This does not mean that a court must disregard *all* evidence that does not support the finding. Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence.

*In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). When reviewing the factual sufficiency of the evidence, we "give due consideration to evidence the factfinder could reasonably have found to be clear and convincing." *Id.* "[T]he inquiry must be 'whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations.'" *Id.* (quoting *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002)). "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or

conviction, then the evidence is factually insufficient." *In re J.O.A.*, 283 S.W.3d 336, 345 (quoting *In re J.F.C.*, 96 S.W.3d at 267).

## STATUTORY GROUND FOR TERMINATION

One of the statutory grounds for termination is:

> that the parent has . . . failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

TEX. FAM. CODE ANN. § 161.001(1)(O). In his first and second issues, Father contends the evidence is legally and factually insufficient to support termination under paragraph (O) because, he contends, there is no evidence the children were removed from him.

Father asserts the children were removed from Mother and not from him. At trial, a caseworker for the Department testified that the Department removed the children but did not specify whether the children were removed from Father, Mother, or both. Father also cites to the affidavit attached to the Department's motion for conservatorship and termination. The affidavit was not evidence before the court. However, even if it were considered, the only relevant statement in the affidavit concerning this issue is the statement that when the children were removed from her care, Father was not in the home because Mother had prohibited Father from being in the home due to his physical abuse toward her. When the Department took possession of the children under section 262.104 and became their temporary managing conservator, the Department necessarily "removed" them from both parents, not just Mother. The fact that Father was not residing in the residence with the children at the time does not mean the children were not removed from his care and his right of custody. Furthermore, Father agreed to termination of his rights under paragraph (O).

We conclude the evidence is legally and factually sufficient to support termination of Father's rights under paragraph (O). We overrule Father's first and second issues.

## BEST INTEREST

In his third and fourth issues, Father contends the evidence is legally and factually insufficient to support the trial court's finding that termination of the parent-child relationship between Father and the children is in the best interest of the children. Before the court may terminate the parent-child relationship, the court must find by clear and convincing evidence that termination is in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(2). In making this determination, the court considers the factors listed in *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). *See In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012). Those factors are,

(1) the child's desires;

(2) the child's emotional and physical needs now and in the future;

(3) any emotional and physical danger to the child now and in the future;

(4) the parental abilities of the individuals seeking custody;

(5) the programs available to assist the individuals seeking custody to promote the best interest of the child;

(6) the plans for the child by the individuals or agency seeking custody;

(7) the stability of the home or proposed placement;

(8) the parent's acts or omissions which may indicate that the existing parent-child relationship is improper; and

(9) any excuse for the parent's acts or omissions.

*Holley*, 544 S.W.2d at 371–72; *see E.N.C.*, 384 S.W.3d at 807. The Department does not have to present evidence of all the factors to prove termination is in the child's best interest. *See C.H.*, 89 S.W.3d at 27.

In this case, the mediated settlement agreement set out the Department's plans for the children—facilitating their adoption by W.H. The caseworker testified that the Department did a

–5–

"home study" on W.H. and then placed the children with her. The trial court could infer from this evidence that W.H.'s home was stable and that her parenting skills were adequate. The court could infer that Father's parenting abilities were lacking from his agreeing that termination was in the children's best interest. Father's agreement and his testimony that termination under the terms of the mediated settlement agreement was in the children's best interest was an act clearly indicating that the existing parent-child relationship was improper. We conclude the evidence was legally and factually sufficient for the trial court to find by clear and convincing evidence that termination of the parental relationship between Father and the children was in the children's best interest.

We overrule Father's third and fourth issues.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his fifth issue, Father contends he did not have effective assistance of counsel in the trial court. In a suit filed by a governmental entity requesting termination of the parent-child relationship or the appointment of a conservator, an indigent person has a statutory right to counsel. *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003); *see* TEX. FAM. CODE ANN. § 107.013(a)(1) (West 2014). The supreme court has held that this statutory right necessarily includes the right to effective assistance of counsel. *In re M.S.*, 115 S.W.3d at 544.

The appropriate standard for determining whether counsel is effective is the *Strickland* standard applied in criminal cases. *Id.* at 544–45. First, the appellant must show that counsel's performance was deficient. *Id.* at 545. We must take into account all the circumstances surrounding the case and must focus primarily on whether counsel performed in a reasonably effective manner. *Id.* Counsel's performance falls below acceptable levels of performance when the representation is so grossly deficient as to render proceedings fundamentally unfair. *Id.* We must give great deference to counsel's performance, indulging a strong presumption that

counsel's conduct falls within the wide range of reasonable assistance. *Id.* In addition to showing counsel's performance was deficient, the appellant must show that the deficient performance prejudiced the defense. *Id.* In other words, the appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 550; *In re L.C.W.*, 411 S.W.3d 116, 129 (Tex. App.—El Paso 2013, no pet.).

Father asserts his counsel was ineffective during the mediation because she failed to advise him that termination under section 161.001(1)(O) required the Department to prove the children were removed from him and she failed to advise him that the children had not been removed from him. The record contains no evidence of what advice Father's counsel gave him during the mediation session. However, regardless of what she advised him, Father's argument that the children were not removed from him is incorrect—when the Department took possession of the children and became their temporary managing conservator, it removed the children from both Father and Mother. Father has not shown that any advice given by his counsel during mediation was erroneous.

Father also asserts his trial counsel was ineffective because she did not comply with the trial court's pretrial order requiring the parties to submit exhibit lists, witness lists, and copies of all exhibits by a particular date. The trial court ordered that Father could not present any witnesses other than his own testimony and that he could not present any exhibits. Father asserts that after this ruling, the court ordered the parties to mediate, and Father then agreed in the mediation session to the settlement agreement terminating the parent-child relationship.

Even if counsel was ineffective for failing to comply timely with the pretrial order, we cannot reverse the judgment unless Father has shown that failure prejudiced him, that is, whether but for counsel's errors, the result of the proceeding would have been different. In this case, the

result of the proceeding was that Father's parental rights were terminated. In an affidavit attached to his motion for new trial, Father states he loves the children, that he was lied to during the mediation, that he agreed to termination because he felt pressured, and that the trial court should have let him have a trial. The trial court did not hold a hearing on the motion for new trial, and the motion was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). An affidavit in support of a motion for new trial is not evidence. *See Hagood v. Fishborn, Inc.*, No. 05-07-00690-CV, 2009 WL 264627, at *2 (Tex. App.—Dallas Feb. 5, 2009, pet. denied) (mem. op.); *Downing v. Uniroyal, Inc.*, 451 S.W.2d 279, 284 (Tex. Civ. App.—Dallas 1970, no writ); *see also Jackson v. State*, 139 S.W.3d 7, 20 (Tex. App.—Fort Worth 2004, pet. ref'd) ("An affidavit attached to the motion [for new trial], however, is merely 'a pleading that authorizes the introduction of supporting evidence' and is not evidence itself." (quoting *Stephenson v. State*, 494 S.W.2d 900, 909–10 (Tex. Crim. App. 1973)). To constitute evidence, the affidavit must be introduced as evidence at the hearing on the motion. *Jackson*, 139 S.W.3d at 20. Because there was no hearing on the motion for new trial, the affidavit never became evidence. However, even if we considered the affidavit, it does not show that but for counsel's errors, the outcome of the trial would have been different, that is, that the parent-child relationship would not have been terminated. Father presented no evidence of what witnesses he would have called, what their testimony would have been, or what exhibits he would have introduced. We conclude Father has failed to show that but for his counsel's errors, the result of the proceeding would have been different.

We overrule Father's fifth issue.

## APPOINTMENT OF THE DEPARTMENT AS MANAGING CONSERVATOR

In his sixth issue, Father contends the evidence is legally and factually insufficient to support the appointment of the Department as the managing conservator of the children. This

issue is dependent upon our reversing the trial court's order terminating the parent-child relationship between Father and the children. Because we do not reverse that order, we do not address this issue.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

150493F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

In the Interest of J.R.W. and J.L.W.,
Children

No. 05-15-00493-CV

On Appeal from the 330th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 13-09740-Y.
Opinion delivered by Justice Myers. Justices
Fillmore and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Dallas County Child Protective Services Unit of the Texas
Department of Family and Protective Services recover its costs of this appeal from appellant Roy
Lee Weathered, Jr.

Judgment entered this 27th day of August, 2015.