

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00646-CV

### IN THE INTEREST OF J.A.R., JR., J.R.R. AND A.I.T.

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-02660
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Irene Rios, Justice

Delivered and Filed: February 6, 2019

AFFIRMED

Appellant Mother appeals the trial court's order terminating her parental rights to her children, J.A.R., Jr., J.R.R., and A.I.T.[1] The only issue raised by Mother in this appeal is whether she received effective assistance of counsel. We affirm the trial court's order.

### BACKGROUND

The Texas Department of Family and Protective Services ("the Department") filed this suit, seeking termination of the parent-child relationship between the children J.A.R., Jr., J.R.R., and A.I.T. and Mother. After a bench trial, at which Mother was represented by counsel but did not

---

[1] To protect the identity of a minor child in an appeal from an order terminating parental rights, we refer to the appellant as "Mother" and the children by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2). The trial court's order terminates Mother's parental rights to all three children, as well as the parental rights of the presumed fathers to their respective children. Only Mother appeals.

appear, the court found four independent grounds[2] to terminate Mother's rights and found that termination was in the children's best interest. The trial court signed a termination order and designated the Department to be the children's permanent managing conservator. Mother timely appealed the trial court's order.

INEFFECTIVE ASSISTANCE OF COUNSEL

An indigent parent is entitled to appointed counsel in a termination of parental rights case, and that statutory right "embodies the right to effective counsel." *In re B.G.*, 317 S.W.3d 250, 253–54 (Tex. 2010) (internal quotes omitted). "[I]neffective assistance claims must be firmly found in the record, and the record must affirmatively show the alleged ineffectiveness. *In re L.C.W.*, 411 S.W.3d 116, 127 (Tex. App.—El Paso 2013, no pet.); *see also Walker v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608, 622–23 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). When the record is silent concerning the reasons for counsel's actions, the reviewing court will not engage in speculation to find ineffective assistance of counsel, and the appellant bears the burden of overcoming the presumption that, under the circumstances, the challenged conduct might be considered sound trial strategy. *In re L.C.W.*, 411 S.W.3d at 127.

In reviewing claims of ineffective assistance of counsel, we consider all of the circumstances surrounding the case and apply the Supreme Court's two-pronged test used in *Strickland v. Washington*, 466 U.S. 668 (1984). *See In re M.S.*, 115 S.W.3d 534, 545 (Tex. 2003).

---

[2] Specifically, the trial court found evidence Mother

> knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children,[;] … engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children,[;] … constructively abandoned the children … [; and] failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the children…[.]

*See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (O).

Under *Strickland's* first prong, the parent must show that counsel's performance was deficient. *See id*. (citing *Strickland*, 466 U.S. at 687). "This requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *In re J.O.A.*, 283 S.W.3d 336, 342 (Tex. 2009) (quoting *In re. M.S.*, 115 S.W.3d at 545). Under the second prong, the parent must show that the alleged deficient performance prejudiced the defense. *Id*. This requires a showing that counsel's errors were so serious as to deprive the parent of a fair trial, meaning a trial whose result is reliable. *Id*. To establish prejudice, the parent "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

In conducting our review, "we must primarily focus on whether counsel performed in a reasonably effective manner." *In re H.R.M.*, 209 S.W.3d 105, 111 (Tex. 2006) (internal quotes omitted). We "give great deference to counsel's performance, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, including the possibility that counsel's actions are strategic." *Id*. (internal quotes omitted). "Challenged conduct constitutes ineffective assistance only when it is so outrageous that no competent attorney would have engaged in it." *Id*. (internal quotes omitted) (citing *Garcia v. State*, 57 S.W.3d 435, 440 (Tex. Crim. App. 2001)). To be successful in her ineffective assistance of counsel claim, Mother must show that counsel's representation fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688. Failure to satisfy *Strickland's* requirements defeats an ineffectiveness challenge. *See Walker*, 312 S.W.3d at 623.

## DISCUSSION

Mother argues her trial counsel failed to provide effective representation because counsel "abandoned her in her time of need at trial." Mother first complains that after counsel informed

the trial court that Mother was "confused about the court setting" and requested the trial be continued, which the trial court denied, counsel failed to move for a new trial. "[W]here [an indigent parent] is represented by counsel during trial, [there is] a rebuttable presumption that this counsel continued to adequately represent the defendant during this critical stage." *See Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007) (discussing the right to effective assistance of counsel during the period of time in which a motion for new trial may be filed). "When a motion for new trial is not filed in a case, the rebuttable presumption is that it was considered by the appellant and rejected." *See Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998) (discussing rebuttable presumption when no motion for new trial is filed and noting that "[t]here [wa]s nothing in the record to suggest that the attorney did not discuss the merits of a motion for a new trial with the appellant"). In this case, the record contains no evidence to show that counsel did not discuss the merits of a motion for new trial with Mother.

Mother also complains trial counsel did not question the Department caseworker about a period of time during which the children were returned to her. Mother reasons "[t]here had to have been reasons for the placement of the children with the mother." The Department caseworker testified the children were reunified with Mother on February 20, 2018, but removed from Mother's care on June 11, 2018. Upon Mother's completion of the Making Changes to Protect Children course through Family Violence Prevention, the children were reunified with Mother. As part of Mother's service plan, A.I.T.'s presumed father, F.T., was not allowed in the home with the children. However, according to the record, during the reunification period, Mother provided F.T. with her address. Subsequently, F.T. and Mother engaged in episodes of domestic violence while the children were present. When F.T. was again found in Mother's home on June 11, 2018, the Department removed the children from Mother's care.

It is Mother's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *See Strickland*, 466 U.S. at 689. Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *In re L.C.W.*, 411 S.W.3d at 127. The record before us does not demonstrate counsel's reasons for not questioning the Department caseworker about the period of time during which the children were returned to Mother. Accordingly, Mother's allegation of ineffective assistance of counsel is not firmly founded in the record. Mother has not overcome the presumption that, given the circumstances, counsel not eliciting testimony from the caseworker about the reunification might be considered sound trial strategy. Because the record does not show deficient performance, we conclude that Mother has failed to meet the first prong of the *Strickland* test.

Even if Mother had met *Strickland's* first prong, she has failed to show that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. Mother does not explain in her brief how trial counsel's lack of questions regarding the reunification prejudiced her defense by depriving her of a fair trial. Because Mother does not show that there is a reasonable probability that the result of the proceeding would have been different if counsel had questioned the Department caseworker about the reunification, she has failed to satisfy *Strickland's* second prong.

Accordingly, Mother's sole issue on appeal is overruled.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's order terminating Mother's parental rights.

Irene Rios, Justice