

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00108-CV
_____

IN THE INTEREST OF C.H.M., A CHILD

On Appeal from the County Court at Law
Lamar County, Texas
Trial Court No. 88327

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

On appeal from the termination of her parental rights to her son, C.H.M.,[1] Mother argues that her counsel rendered ineffective assistance by failing to move for a continuance of the termination hearing and that the trial court abused its discretion by failing to grant her a 180-day extension of time. Because (1) Mother has not demonstrated that her counsel rendered ineffective assistance and (2) the trial court did not abuse its discretion by refusing to grant an extension, we affirm the trial court's judgment.

*(1) Mother Has Not Demonstrated that Her Counsel Rendered Ineffective Assistance*

Mother had a history of using drugs during pregnancy. She had voluntarily relinquished her parental rights to two other children when, at birth, they each tested positive for drugs. After her third child, C.H.M., was born with methamphetamine in his system, Mother admitted to drug use during the pregnancy, including just before C.H.M.'s delivery. As a result, the Texas Department of Family and Protective Services (Department) obtained temporary managing conservatorship of C.H.M. on February 20, 2019.

In March, Mother was convicted of evading arrest with a motor vehicle and was placed on community supervision. In August, Mother's community supervision was revoked, and she was given a four-year prison sentence for violating the terms and conditions of her community supervision. On the day before the December 11 termination trial, a letter written by Mother that was sent to the Department's caseworker was filed in the clerk's record. In that letter, Mother claimed that she had "recently seen parole" and asked the trial court to "hold off on termination"

---

[1]In order to protect the minor child's privacy, we refer to the child by initials. *See* TEX. FAM. CODE ANN. § 109.002(d).

so she could show the trial court that she was taking advantage of her time in prison "to turn over a new chapter in [her] life." During closing argument at trial, counsel asked the trial court to grant Mother a 180-day extension of time. Yet, Mother argues that her counsel rendered ineffective assistance for failing to seek a continuance of the termination trial before it started.

"In Texas, there is a statutory right to counsel for indigent persons in parental-rights termination cases [brought by the Department]." *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) (citing TEX. FAM. CODE. ANN. § 107.013(a)); *see In re J.M.A.E.W.*, No. 06-14-00087-CV, 2015 WL 1119761, at *3 (Tex. App.—Texarkana Mar. 13, 2015, no pet.) (mem. op.). "This statutory right to counsel also embodies the right to effective counsel." *J.M.A.E.W.*, 2015 WL 1119761, at *3 (citing *M.S.*, 115 S.W.3d at 544). "The standard used for parental-rights termination cases is the same as that used in criminal cases and is set forth in *Strickland*." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). "The right to effective assistance of counsel does not guarantee, however, 'errorless or perfect counsel whose competency of representation is to be judged by hindsight.'" *Id.* (quoting *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006)).

To prevail on her ineffective assistance claim, Mother "must prove by a preponderance of the evidence that (1) [her] counsel's performance was deficient, that is, that it fell below an objective standard of reasonableness; and (2) it is reasonably probable that, except for [her] counsel's unprofessional errors, the outcome of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 687–88, 694). "Failure to satisfy either prong of the *Strickland* test is fatal." *Id.* at *4 (citing *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006);

3

*Walker v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608, 623 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)).

"In reviewing trial counsel's performance, we take into account the circumstances surrounding the case and focus primarily on whether the manner of his performance was reasonably effective." *Id.* at *3 (citing *In re H.R.M.*, 209 S.W.3d 105, 111 (Tex. 2006); *M.S.*, 115 S.W.3d at 545). "We give great deference to trial counsel's performance and indulge a strong presumption that his conduct falls within the wide range of reasonably professional assistance." *Id.* (citing *H.R.M.*, 209 S.W.3d at 111; *M.S.*, 115 S.W.3d at 545). "This includes the possibility that his actions were strategic." *Id.* (citing *H.R.M.*, 209 S.W.3d at 111; *M.S.*, 115 S.W.3d at 545).

"To support a finding that [Mother's] trial counsel was ineffective, the trial record must affirmatively demonstrate his deficiency." *Id.* (citing *Bermea v. Tex. Dep't of Family & Protective Servs.*, 265 S.W.3d 34, 43 (Tex. App.—Houston [1st Dist.] 2008, pet. denied)). Here, the record before us does not reveal the reasons for counsel's actions, and we will not speculate to conclude that there was ineffective assistance. *See id.* (citing *In re L.C.W.*, 411 S.W.3d 116, 127 (Tex. App.—El Paso 2013, no pet.)). Counsel's assistance is ineffective only if the conduct is "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *H.R.M.*, 209 S.W.3d at 111).

Here, the record is completely silent as to why counsel did not request a continuance before the hearing. Mother's letter was addressed, "To whom it may concern," and was filed on the afternoon of the day before trial. Though the Department's caseworker testified that she had received the letter, nothing in the record shows that Mother's counsel reviewed the letter before

4

trial began. Even assuming that Mother had communicated to counsel her desire to obtain a last-minute continuance, her counsel could have reasonably decided that such a request to continue the termination trial would fail because it would not have been in writing and sworn, because good cause did not exist for a continuance, or because the trial court would likely and validly have denied it on the eve of or on the day of trial. *See Antolik v. Antolik*, No. 06-18-00096-CV, 2019 WL 2119646, at \*6 (Tex. App.—Texarkana May 15, 2019, pet. denied) (mem. op.); *In re J.D.*, No. 06-18-00105-CV, 2019 WL 1302932, at \*7 (Tex. App.—Texarkana Mar. 22, 2019, no pet.) (mem. op.); *In re M.S.*, No. 06-12-00089-CV, 2013 WL 772878, at \*2 (Tex. App.—Texarkana Feb. 28, 2013, no pet.) (mem. op.). Also, counsel could have interpreted Mother's request for "more time" in her letter as a request for a 180-day extension or could have believed that no extension could have provided her any benefit since, in the absence of an extension, only two and a half months were left until the trial court's dismissal date, a very brief period within which to demonstrate any turnaround by Mother.

Because the record does not affirmatively establish counsel's deficiency in failing to seek a continuance, Mother has failed to show that her counsel's performance fell below an objective standard of reasonableness. As a result, we overrule this point of error.

*(2)*     *The Trial Court Did Not Abuse Its Discretion by Refusing to Grant an Extension*

Mother also argues that the trial court erred by refusing to grant a 180-day extension of the dismissal deadline. We disagree.

A trial court may grant a 180-day extension of the dismissal deadline in a suit filed by the Department to terminate a parent-child relationship on a showing that "extraordinary

5

circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child." TEX. FAM. CODE ANN. § 263.401(b) (Supp.). "We review a trial court's decision to grant or deny an extension of the dismissal date under an abuse of discretion standard." *In re A.S.*, No. 12-16-00104-CV, 2016 WL 5827941, at *1 (Tex. App.—Tyler Sept. 30, 2016, no pet.) (mem. op.) (citing *In re A.J.M.*, 375 S.W.3d 599, 604 (Tex. App.—Fort Worth 2012, pet. denied)). The focus on granting this extension "is on the needs of the child, whether extraordinary circumstances necessitate the child remaining in the temporary custody of the Department, and whether continuing such is in the best interest of the child." *Id.* at *2 (citing *A.J.M.*, 375 S.W.3d at 604).

At trial, Mother testified that her earliest release date from prison was May 18, 2021, and the latest date of release was July 14, 2023. Mother introduced evidence of programs she was completing while in prison and reported she had "just seen parole," but admitted that her release date could not be predicted with any certainty. Mother testified that she was hoping to get a response from the parole division within the next two weeks and asked for an extension of time to turn her life around.

The Department's caseworker, Ashleigh Earwood, testified that Mother had a lengthy criminal history and a drug history that began when Mother was fifteen. Mother had been previously convicted of possession of less than one gram of methamphetamine, another evading arrest charge, and possession of less than two ounces of marihuana. Earwood testified that Mother did not complete any of her family-based services before going to prison, had visited C.H.M. only

6

once, and had constructively abandoned him. Earwood also said that Mother had no viable plan to care for C.H.M.

"Actions that are considered to be the parent's fault will generally not constitute extraordinary circumstances." *In re J.S.S.*, No. 10-19-00102-CV, 2019 WL 4511483, at *3 (Tex. App.—Waco Sept. 18, 2019, pet. denied) (mem. op.) (citing *In re O.R.F.*, 417 S.W.3d 24, 42 (Tex. App.—Texarkana 2013, pet. denied)). "A parent's incarceration is generally considered to be the parent's fault and not an extraordinary circumstance." *A.S.*, 2016 WL 5827941, at *2 (citing *In re K.P.*, No. 02-09-00028-CV, 2009 WL 2462564, at *4 (Tex. App.—Fort Worth Aug. 13, 2009, no pet.)); *see J.S.S.*, 2019 WL 4511483, at *3; *In re C.J.B.*, No. 05-19-00165-CV, 2019 WL 3940987, at *10 (Tex. App.—Dallas Aug. 21, 2019, no pet.) (mem. op.).

Mother had six months to begin her family service plan before she was sentenced to imprisonment. "[W]hen a parent, through her own choices, fails to comply with a service plan and then requests an extension of the statutory dismissal date in order to complete the plan, the trial court does not abuse its discretion by denying the extension." *Id.* Mother's incarceration was the result of her failure to comply with the terms and conditions of her community supervision. Her inability to complete services due to imprisonment were "not extraordinary circumstances," but were instead "the consequences of [poor] choices." *C.J.B.*, 2019 WL 3940987, at *11. Moreover, in light of Mother's history and the fact that C.H.M. had only seen Mother once after he was born, Mother failed to show how it would be in C.H.M.'s best interests for the extension to be granted.

The clear statutory preference is to finally resolve termination actions within one year. *See* TEX. FAM. CODE ANN. § 263.401 (Supp.). Because of that public policy and because an abuse of

7

discretion has not been established, we overrule this point of error. *See A.J.M.*, 375 S.W.3d at 604–05.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     March 12, 2020
Date Decided:       March 13, 2020