**Affirmed; Opinion Filed January 19, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01128-CV

## IN THE INTEREST OF C.C. AND C.C., CHILDREN

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-16-705-W**

## MEMORANDUM OPINION

Before Justices Francis, Myers, and Whitehill
Opinion by Justice Myers

The mother and father of C.C. and C.C. appeal the trial court's judgment terminating the parent-child relationship between them and the children. Mother brings two issues on appeal contending (1) there is insufficient evidence to support the trial court's findings of statutory violations and (2) there is no evidence to support the finding that termination is in the best interest of the children. Father brings one issue on appeal contending he lacked effective assistance of counsel. We affirm the trial court's judgment.

### BACKGROUND

The Department of Family and Protective Services became involved with this family when it received reports that Mother was using marijuana and methamphetamines while caring for the children, and that she drove under the influence of drugs while the children were in the car. On August 3, 2016, the trial court signed an order appointing the Department temporary managing conservator of the children. The court ordered Mother and Father to complete certain

services, including a psychological evaluation, individual and group counseling, drug and alcohol assessment, and random drug and alcohol testing. During the year between the order and the trial, Mother was drug tested ten times and tested positive seven times, most recently within four months of the trial. The Department required Father to participate in ten drug tests, but he appeared for only four of them, testing positive for drugs each time. The case was tried before the court on August 22, 2017, who found the parents violated paragraphs (D), (E), (O), and (P) of Family Code section 161.001(b)(1) and that termination of the parent-child relationship between each parent and the children was in the best interest of the children. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O), (P) (West Supp. 2017); *id.* § 161.001(b)(2).

## MOTHER'S APPEAL

A trial court may order termination of the parent-child relationship if the court finds by clear and convincing evidence a violation of one of the provisions in section 161.001(b)(1) and that termination is in the best interest of the child. Mother's two issues challenge the sufficiency of the evidence to support those findings.

### Standard of Review

In determining the legal sufficiency of the evidence, we examine all the evidence to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. We assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so, and we disregard all evidence a reasonable factfinder could have disbelieved or found to have been incredible. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).

In a factual sufficiency review, we give due consideration to evidence that the factfinder could have found to be clear and convincing. We determine "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's

allegations." *Id.* (quoting *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002)). In doing so, we consider whether disputed evidence is such that a reasonable factfinder could not have resolved disputed evidence in favor of its finding. "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.*

### Statutory Violation

In her first issue, Mother contends there is insufficient evidence to support the trial court's finding that she violated section 161.001(b)(1). Only one predicate finding under section 161.001(b)(1) is necessary to support a judgment of termination where there is also a finding that termination is in the child's best interest. *In re N.T.*, 474 S.W.3d 465, 476 (Tex. App.—Dallas 2015, no pet.).

> Paragraph (O) in the list of statutory grounds permits termination if the parent:
>
> failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

FAM. § 161.001(b)(1)(O).

In this case, Mother admitted she failed to complete the court-ordered individual and group counseling and that she failed to pay all the ordered child support. She also failed seven out of the ten drug tests she was required to take including one about four months before the trial. Mother states in her brief "that she believed she had complied with the orders of the court throughout the process." However, regardless of Mother's belief, legally and factually sufficient evidence shows that Mother failed to complete all the services required by the court's order for Mother to obtain the return of her children. We overrule Mother's first issue.

**Best Interest of the Child**

In her second issue, Mother contends there is no evidence that termination of the parent-child relationship is in the best interest of the children. Mother argues, "The issue of whether or not the termination was in the best interest of the children was never discussed. It was merely stated at the end of the hearing that the termination was in the best interest of the children." The supreme court has set forth a list of non-exclusive factors to be considered in determining whether termination is in a child's best interest:

(1) the child's desires;

(2) the child's emotional and physical needs now and in the future;

(3) any emotional and physical danger to the child now and in the future;

(4) the parental abilities of the individuals seeking custody;

(5) the programs available to assist the individuals seeking custody to promote the best interest of the child;

(6) the plans for the child by the individuals or agency seeking custody;

(7) the stability of the home or proposed placement;

(8) the parent's acts or omissions which may indicate that the existing parent-child relationship is improper; and

(9) any excuse for the parent's acts or omissions.

*In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012) (quoting *Holley v. Adams,* 544 S.W.2d 367, 371–72 (Tex. 1976)). This list is not exclusive, and the State need not prove all of the factors as a condition precedent to termination. *In re C.H.*, 89 S.W.3d at 27.

Although the question of whether termination was in the children's best interest was not expressly discussed, there was evidence of some of the factors. In this case, the children did not testify, and the evidence showed the children do not have any special physical or emotional needs. The evidence showed the Department plans for the children to be adopted by the foster parents currently caring for them. The children are bonded with their foster family, and the

–4–

foster parents are properly caring for them. This evidence indicates the proposed placement is a stable one. Mother did not explain why she failed to comply with the individual and group counseling requirements. She testified she stopped paying child support on the advice of her attorney, who told her "not to worry about that so much as long as I'm doing my classes and things but I need to worry about getting on my feet." Mother explained she used methamphetamine four months before trial because "[t]hat was right after mediation and Delia [Mother's attorney] had told me that the State was moving to terminate my rights, and I was just like is there anything I can do. Pretty much I just hit my rock bottom and lost it . . . ."

Mother also testified she lived at Oxford House, a home for women recovering from addiction. At Oxford House, she and any guest visiting her may be drug tested at any time, and if she or her guest test positive, she will be required to move out of the facility within one hour. The women in the home provide support for one another in battling their addictions. Mother testified she did not feel strong enough to live outside the facility. Mother testified she wanted to bring the children to live with her there. The caseworker testified she asked Mother what her plan was if she was required to leave the home, where she would go, but Mother did not have a plan. The trial court could conclude that Mother's sobriety was in a fragile state and that the children would face substantial physical and emotional endangerment from the potential of her being expelled from the home with no place to live.

We conclude there is sufficient evidence to support the trial court's finding that termination of the parent-child relationship between Mother and the children was in the best interest of the children. We overrule Mother's second issue.

## Conclusion

We affirm the trial court's judgment terminating the parent-child relationship between Mother and the children.

**FATHER'S APPEAL**

Father brings one issue on appeal contending he did not receive effective assistance of counsel at trial.

**Standard of Review**

In Texas, an indigent parent has a statutory right to appointed counsel in a parental-rights termination case. FAM. § 107.013(a)(1) (West Supp. 2017); *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). This statutory right "embodies the right to effective counsel." *In re M.S.*, 115 S.W.3d at 544; *see also In re B.G.*, 317 S.W.3d 250, 253–54 (Tex. 2010). In evaluating claims of ineffective assistance of counsel in a termination case, we apply the two-pronged standard applicable to criminal cases set out in *Strickland v. Washington*, 466 U.S. 668 (1984). *In re J.O.A.*, 283 S.W.3d 336, 341–42 (Tex. 2009); *In re M.S.*, 115 S.W.3d at 544–45. To establish ineffective assistance of counsel under *Strickland*, a parent has the burden to show (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense in a manner so serious as to deny the parent a fair and reliable trial. *In re J.O.A.*, 283 S.W.3d at 342 (citing *In re M.S.*, 115 S.W.3d at 545); *see also Strickland*, 466 U.S. at 687.

"With respect to whether counsel's performance in a particular case is deficient, we must take into account all of the circumstances surrounding the case, and must primarily focus on whether counsel performed in a 'reasonably effective' manner." *In re M.S.*, 115 S.W.3d at 545 (citing *Strickland*, 466 U.S. at 687); *see also In re H.R.M.*, 209 S.W.3d 105, 111 (Tex. 2006). "[C]ounsel's performance falls below acceptable levels of performance when the 'representation is so grossly deficient as to render proceedings fundamentally unfair.'" *In re M.S.*, 115 S.W.3d at 545 (quoting *Brewer v. State*, 649 S.W.2d 628, 630 (Tex. Crim. App. 1983)). In conducting our review of trial counsel's performance, there is "'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' including the possibility that

counsel's actions are strategic." *Id.* (quoting *Strickland*, 466 U.S. at 689). Only when trial counsel's conduct was so outrageous that no competent attorney would have engaged in it will the challenged conduct constitute ineffective assistance. *Id.* The record must affirmatively support a claim that trial counsel provided ineffective assistance. *In re L.C.W.*, 411 S.W.3d 116, 127 (Tex. App.—El Paso 2013, no pet.). When the record is silent concerning the reasons for trial counsel's actions, we do not engage in speculation to find ineffective assistance of counsel. *P.W. v. Dep't of Family & Protective Servs.*, 403 S.W.3d 471, 476 (Tex. App.–Houston [1st Dist.] 2013, pet. dism'd w.o.j.).

Under *Strickland*'s second prong, a parent must show trial counsel's deficient performance prejudiced his defense. *In re M.S.*, 115 S.W.3d at 545; *see also Strickland*, 466 U.S. at 687. To show prejudice, the parent must show there is reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *In re M.S.*, 115 S.W.3d at 550; *see also Medellin v. Tex. Dep't of Family & Protective Servs.*, No. 03–11–00558–CV, 2012 WL 4466511, at *5 (Tex. App.–Austin Sept. 26, 2012, pet. denied) (mem. op.) (to establish prejudice, father must show "reasonable probability that his parental rights would not have been terminated" absent trial counsel's deficient performance). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome of the proceeding." *P.W.*, 403 S.W.3d at 476; *see also Strickland*, 466 U.S. at 694.

**Section 263.401**

Father argues his trial counsel was ineffective because she did not move for dismissal of the proceeding under section 263.401. Section 263.401 provides that in a case in which the Department has been appointed temporary managing conservator, the case must proceed to trial no later than the first Monday after the first anniversary of the date the court appointed the

Department temporary managing conservator. *See* FAM. § 263.401(a) (amended 2017). [1] After that, "the court may not retain the suit on the court's docket . . . unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child." *Id.* After making those findings, the court may keep the case on its docket for up to an additional 180 days. *Id.* This provision is not jurisdictional, and a party waives the right to object to the court's failure to dismiss the suit unless the party moves for dismissal before the trial commences. *Id.* § 263.402(b) (amended 2017).

In this case, the trial court appointed the Department temporary managing conservator of the children on August 3, 2016. The first Monday following the first anniversary of that date was August 7, 2017. However, the trial commenced on August 22, fifteen days after the deadline. Neither Father nor Mother moved for dismissal under sections 263.401 and .402.

Under the first prong of *Strickland*, the record contains no evidence of Father's counsel's strategy for not requesting dismissal. Father did not file a motion for new trial, and the record contains no testimony from his counsel concerning her strategy in not seeking a dismissal under section 263.401. When the record is silent concerning the reasons for trial counsel's actions, we do not engage in speculation to find ineffective assistance of counsel. *P.W.*, 403 S.W.3d at 476. We conclude the record does not affirmatively support the claim that Father's counsel provided

---

[1] *See* Act of May 27, 2007, 80th Leg., R.S., ch. 866, §§ 2, 3, 2007 Tex. Gen. Laws 1837, 1837–38. During the 2017 legislative session, the legislature amended sections 263.401 and .402 by providing that the deadline for commencing trial is jurisdictional and that "the suit is automatically dismissed without a court order" if the trial is not commenced timely or if the court has not entered an order extending the time. Act of May 26, 2017, 85th Leg., R.S., ch. 317, §§ 27, 28, 2017 Tex. Gen. Laws 615, 623–24; Act of May 28, 2017, 85th Leg., R.S., ch. 319, §§ 12, 13, 2017 Tex. Gen. Laws 716, 721–22 (codified at FAM. 263.401, .402 (West Supp. 2017)). Those amendments apply only to suits pending in a trial court or filed on or after September 1, 2017. Act of May 26, 2017, ch. 317, § 79, 2017 Tex. Gen. Laws at 641; Act of May 28, 2017, ch. 319, § 33, 2017 Tex. Gen. Laws at 738. The suit in this case was filed August 2, 2016, and the trial was held August 22, 2017; therefore, the 2017 amendments do not apply.

ineffective assistance by not moving for dismissal. Therefore, Father has failed to meet the first prong of *Strickland*.

Under the second prong of *Strickland*, Father asserts that if his counsel had moved for dismissal, then "the case against [Father] would have been dismissed." We disagree. Under section 263.401(b), the trial court can extend the trial date by 180 days if the court finds that "extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child." *Id.* § 263.401(b). A 180-day extension would make the mandatory dismissal date February 3, 2018. For Father to establish that the case "would have been dismissed" and that the deadline would not have been extended, he would have to show there were no extraordinary circumstances warranting the children remaining in the temporary managing conservatorship of the Department or that the Department's remaining the children's temporary managing conservator was not in their best interest. Father presents no argument demonstrating a lack of extraordinary circumstances or a lack of best interest of the children. Therefore, he has failed to meet the second prong of *Strickland*.

We conclude Father has failed to show he received ineffective assistance of counsel at trial. We overrule Father's issue on appeal.

### Conclusion

We affirm the trial court's judgment terminating the parent-child relationship between Father and the children.

171128F.P05

/Lana Myers/
LANA MYERS
JUSTICE

–9–



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

IN THE INTEREST OF C.C. AND C.C., CHILDREN

No. 05-17-01128-CV

On Appeal from the 304th Judicial District Court, Dallas County, Texas
Trial Court Cause No. JC-16-705-W.
Opinion delivered by Justice Myers. Justices Francis and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of January, 2018.