**Affirm in part; Reverse and Remand in part; Opinion Filed September 18, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00291-CV

## IN THE INTEREST OF B.H. AND J.H., CHILDREN

On Appeal from the 305th Judicial District Court
Dallas County, Texas
Trial Court Cause No. JC-16-00779-X

# MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Boatright
Opinion by Justice Myers

Mother and Father appeal the trial court's judgment terminating their parental rights to their children. Mother's appellate attorney filed an *Anders* brief asserting the appeal is frivolous and without merit and there is no arguable issue on appeal. Father brings one issue on appeal contending he did not receive effective assistance of counsel at trial because his attorney did not appear at the final hearings. The State agrees that Father was deprived of effective assistance of counsel. We affirm the trial court's judgment as to Mother, and we reverse the trial court's judgment as to Father.

## MOTHER'S APPEAL

Mother's appointed counsel on appeal has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating the record does not contain any reversible error that was preserved for appellate review. The trial court's order terminating the parent-child relationships between Mother and Father and the children followed the provisions of a mediated settlement agreement

signed by all the parties and their attorneys. *See* TEX. FAM. CODE ANN. § 153.0071(d), (e) (West 2014). Counsel filed in this Court a copy of a letter he sent to Mother with his brief advising Mother of her right to examine the appellate record and to file a pro se response. In addition, this Court provided Mother a copy of the *Anders* brief and notified her of her right to examine the appellate record and to file a pro se response. Mother did not file a pro se response.

The procedures established in *Anders* are applicable where, as here, the appellant's appointed counsel concludes there are no non-frivolous issues to assert on appeal. *See In re D.D.*, 279 S.W.3d 849, 849–50 (Tex. App.—Dallas 2009, pet. denied). This Court is not required to address the merits of each claim raised in an *Anders* brief or a pro se response. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d at 850 (citing *Bledsoe*, 178 S.W.3d at 827). Instead, our duty is to determine whether there are any arguable grounds for reversal and, if so, to remand the case to the trial court so that new counsel may be appointed to address the issues. *See In re D.D.*, 279 S.W.3d at 850.

In the *Anders* brief, counsel for Mother presents a professional evaluation of the record demonstrating why there are no arguable grounds for reversal and concluding that Mother's appeal is frivolous and without merit. *See Anders*, 386 U.S. at 744. We independently reviewed the entire record and counsel's *Anders* brief, and we agree that the appeal is frivolous and without merit. We find nothing in the record that could arguably support the appeal.

We affirm the trial court's judgment as to Mother.

### FATHER'S APPEAL

In his sole issue on appeal, Father contends he did not receive effective assistance at trial because his attorney did not appear at the final hearing. The State responded in its brief that it "agrees that Appellant-Father was deprived of effective assistance of counsel." Both Father and the State request that we reverse the trial court's judgment and remand the case for further

proceedings. The State's concession of error does not relieve this Court of the obligation to perform our judicial function by independently determining whether the concession is based on sound analysis. *In re K.B.*, No. 05-17-00428-CV, 2017 WL 4081815, at *6 (Tex. App.—Dallas Sept. 15, 2017, no pet.) (mem. op.).

## Background

This case was referred to the Texas Department of Family and Protective Services as a result of Mother and Father's drug use and their neglecting the children. Attempts to unify the family failed due to the parents' continued positive drug tests. When the Department could not find suitable family members for placement of the children, the Department took possession of the children and filed a petition seeking termination of the parent-child relationship between the parents and the children.

On August 8, 2017, Mother and Father, together with their attorneys and the other parties in the case, signed a mediated settlement agreement under section 153.0071 of the Family Code. TEX. FAM. CODE ANN. § 153.0071(c)–(f) (West Supp. 2017). In the agreement, Father agreed that his parental rights would be terminated under section 161.001(b)(1)(O) of the Family Code, failing to comply with the provisions of a court order that established the actions necessary for a parent to obtain the return of a child. *Id.* § 161.001(b)(1)(O) (West Supp. 2017). The agreement also provided that the Department would conduct home studies of the children's grandfathers, and if the children were placed with one of the grandfathers, then Father would be entitled to visitation with the children on at least a quarterly basis. The agreement also stated that it was in the best interest of the children.

Father was represented by appointed counsel at the time he signed the mediated settlement agreement. At the final "prove-up" hearing leading to termination of Father's parental rights, Father was present, but he was not represented by counsel. At the beginning of the hearing, the

–3–

trial court stated, "But y'all told me y'all had an MSA on it before the lawyer withdrew, correct?" The assistant district attorney answered, "Yes, Your Honor." The record does not show whose lawyer the trial court referred to, and the record contains no motion to withdraw from Father's attorney.

At the final hearing, the Department's case worker testified that Father failed to complete drug testing as required by a court order. She also testified that home studies on the grandfathers were not approved and that the children were not placed with either grandfather. The CASA supervisor testified she believed that the parents' failure to complete the services meant the parents did not have the information and education to provide a safe and stable environment for the children. Both the caseworker and the CASA supervisor testified they wanted the trial court to adopt the mediated settlement agreement. Father was present at these hearings, but he had no attorney representation. The trial court did not offer Father the opportunity to examine the witnesses. Nor did the court offer Father the opportunity to testify or to present a case in chief. The final judgment terminated Father's parental rights, finding under section 161.001(b)(1)(O) of the Family Code that Father failed to comply with a court order that established the actions necessary for Father to obtain the return of the children, and under section 161.001(b)(2) that termination was in the best interest of the children.

## Standard of Review

In Texas, an indigent parent has a statutory right to appointed counsel in a parental-rights termination case. FAM. § 107.013(a)(1) (West Supp. 2017); *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). An attorney appointed to represent an indigent parent in a parental-rights termination case continues to serve in that capacity until the case is dismissed, the date all appeals from an order terminating parental rights are exhausted, or the date the attorney is

relieved of his duties or is replaced by another attorney after a finding of good cause on the record. FAM. § 107.016(3) (West Supp. 2017)

This statutory right to counsel "embodies the right to effective counsel." *In re M.S.*, 115 S.W.3d at 544; *see also In re B.G.*, 317 S.W.3d 250, 253–54 (Tex. 2010). In evaluating claims of ineffective assistance of counsel in a termination case, we apply the two-pronged standard applicable to criminal cases set out in *Strickland v. Washington*, 466 U.S. 668 (1984). *In re J.O.A.*, 283 S.W.3d 336, 341–42 (Tex. 2009); *In re M.S.*, 115 S.W.3d at 544–45. To establish ineffective assistance of counsel under *Strickland*, a parent has the burden to show (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense in a manner so serious as to deny the parent a fair and reliable trial. *In re J.O.A.*, 283 S.W.3d at 342 (citing *In re M.S.*, 115 S.W.3d at 545); *see also Strickland*, 466 U.S. at 687.

"With respect to whether counsel's performance in a particular case is deficient, we must take into account all of the circumstances surrounding the case, and must primarily focus on whether counsel performed in a 'reasonably effective' manner." *In re M.S.*, 115 S.W.3d at 545 (citing *Strickland*, 466 U.S. at 687); *see also In re H.R.M.*, 209 S.W.3d 105, 111 (Tex. 2006). "[C]ounsel's performance falls below acceptable levels of performance when the 'representation is so grossly deficient as to render proceedings fundamentally unfair.'" *In re M.S.*, 115 S.W.3d at 545 (quoting *Brewer v. State*, 649 S.W.2d 628, 630 (Tex. Crim. App. 1983)). In conducting our review of trial counsel's performance, there is "'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' including the possibility that counsel's actions are strategic." *Id.* (quoting *Strickland*, 466 U.S. at 689). Only when trial counsel's conduct was so outrageous that no competent attorney would have engaged in it will the challenged conduct constitute ineffective assistance. *Id.* The record must affirmatively support a claim that trial counsel provided ineffective assistance. *In re L.C.W.*, 411 S.W.3d 116, 127 (Tex.

App.—El Paso 2013, no pet.). When the record is silent concerning the reasons for trial counsel's actions, we do not engage in speculation to find ineffective assistance of counsel. *P.W. v. Dep't of Family & Protective Servs.*, 403 S.W.3d 471, 476 (Tex. App.–Houston [1st Dist.] 2013, pet. dism'd w.o.j.).

Under *Strickland*'s second prong, a parent must show trial counsel's deficient performance prejudiced his defense. *In re M.S.*, 115 S.W.3d at 545; *see also Strickland*, 466 U.S. at 687. To show prejudice, the parent must show there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *In re M.S.*, 115 S.W.3d at 550. "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome of the proceeding." *P.W.*, 403 S.W.3d at 476; *see also Strickland*, 466 U.S. at 694.

Prejudice may be presumed when a defendant is denied counsel at a "critical stage" of the litigation. *In re A.F.*, 05-17-00392-CV, 2017 WL 4116945, at *4 (Tex. App.—Dallas Sept. 18, 2017, no pet.) (mem. op.) (citing *United States v. Cronic*, 466 U.S. 648, 659 (1984)). "In such circumstances, '[n]o specific showing of prejudice [is] required,' because 'the adversary process itself [is] presumptively unreliable.'" *Id.* (quoting *Lockwood v. Tex. Dep't of Family & Protective Servs.*, No. 03-12-00062-CV, 2012 WL 2383781, at *5 (Tex. App.—Austin June 26, 2012, no pet.) (mem. op.) (quoting *Cronic*, 466 U.S. at 659)).

## Analysis

Although the trial court had appointed Father counsel, the attorney representing Father did not appear at the final hearing at which the State presented the mediated settlement agreement. The trial court mentioned at the hearing that an attorney had withdrawn, but the court did not identify the attorney. Nothing in the record shows Father's attorney had moved to withdraw from representing Father or that Father had replaced the attorney.

Father was denied counsel when his appointed attorney did not appear at the final hearing presenting the mediated settlement agreement. It was at this hearing that the merits of the State's case was presented. Counsel's failure to appear was not mere strategy; it left Father unrepresented at the hearing that would determine whether his parental rights would be terminated.

The Austin Court of Appeals has concluded that the hearing at which a mediated settlement agreement is presented that results in termination of parental rights is a critical stage of the litigation. *See Lockwood v. Tex. Dep't of Family & Protective Servs.*, No. 03-12-00062-CV, 2012 WL 2383781, at *6 (Tex. App.—Austin June 26, 2012, no pet.) (mem. op.). We agree with the Austin court that a hearing at which a trial court is asked to accept a mediated settlement agreement providing for termination of parental rights is a critical stage of the litigation at which the parent is entitled to representation. There are few ways that a parent may oppose the entry of a judgment based on a proper, signed mediated settlement agreement. *See* FAM. § 153.0071(d) (requirements for mediated settlement agreement); *id.* § 153.0071(e-1) (two statutory conditions under which trial court may decline to enter judgment on mediated settlement agreement). However, the parent's right to representation is necessary to insure that the requirements for a mediated settlement agreement were followed and that no defense applies. *See id.* Representation is also necessary to insure that any judgment based on the agreement follows the agreement. As the Austin court stated in *Lockwood*,

> There is no plausible strategic reason for trial counsel's failure to appear at a critical stage of litigation and subject the Department's case to appropriate adversarial testing. Applying the principles in *Strickland* and *Cronic* to this case, we conclude that the adversarial process employed here was so unreliable that a presumption of prejudice is warranted.

*Lockwood*, 2012 WL 2383781, at *6. That statement is equally applicable in this case.

We agree with the parties that Father had no representation at a critical stage of the litigation to terminate his parental rights.  In this situation, Father lacked effective assistance of counsel, and prejudice is presumed.  We sustain Father's issue on appeal.

## Conclusion

We reverse the trial court's judgment as to Father, and we remand the cause to the trial court for further proceedings.

/Lana Myers/
LANA MYERS
JUSTICE

180291F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF B.H. AND J.H.,
CHILDREN

No. 05-18-00291-CV

On Appeal from the 305th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. JC-16-00779-X.
Opinion delivered by Justice Myers.
Justices Lang-Miers and Boatright
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment ordering and decreeing that appellant Dustin Hunt, the biological father, is terminated, foreclosed, and divested of any and all rights to the children. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

Judgment entered this 18th day of September, 2018.